## E CHADWICK *vs.* W. J. LAMB.

Where personal property, which is mortgaged, has been wrongfully converted, an action to recover its value may be maintained by the mortgagee, although the money secured by the mortgage is not yet due, if there is a clause in the mortgage which authorizes the mortgagee, at any time he shall deem himself insecure, to take possession of the mortgaged property and sell it, to satisfy the debt.

When a creditor takes a chattel mortgage, to secure the debt due to him, he acquires thereby not only the right to the possession of the mortgaged property, but every interest in it that the mortgagor had, except the mere equity of redemption.

In an action by a second mortgagee of chattels, against a prior mortgagee claiming under a usurious mortgage, to recover for a wrongful conversion of the property, the plaintiff will be regarded as having only a special interest in the property, and he can recover only the value of that special interest, viz. the amount *remaining due* upon his mortgage.

ON the last of December, 1855, or the fore part of January, 1856, Charles Chadwick desired to borrow about $300; and for that purpose he executed a mortgage on personal property in Harpersfield, Delaware county, for the payment of $300, with interest, to Sheldon A. Givens, one month from the date of the mortgage. An arrangement was made, when Givens took this mortgage, between him and Chadwick, that Givens should, as the friend of Chadwick, sell and assign the mortgage to the defendant for $265 or $270, as a valid security for $300, if he (Givens) could do so, by concealing from the knowledge of the defendant the purpose for which the mortgage had been given. Afterwards, in the month of January, 1856, Givens sold and assigned the mortgage to the defendant for $265 or $270, then paid by the latter to the former, in money, as a valid security for $300 and interest thereon from the date of the mortgage, and without disclosing to the defendant for what purpose the same had been taken by Givens. The defendant then caused the mortgage to be duly filed in the proper town clerk's office.

Prior to the 31st day of December, 1856, said Charles Chadwick had been in partnership with the plaintiff, who

Chadwick v. Lamb.

was his brother; but they had dissolved their copartnership, and Charles had agreed with the plaintiff to pay their partnership liabilities, amounting to $361.52; and the plaintiff knew, on and before the 31st of December, 1835, that Charles had executed the above mentioned mortgage to Givens, and that he had assigned it for $265 or $270 to the defendant, who held it, supposing it to be a valid security in his hands for $300 and interest thereon. But notwithstanding this knowledge, the plaintiff and said Charles, on the day last mentioned, with the hope of preventing the defendant from collecting said mortgage, by a sale of the property therein mentioned, made an arrangement by which the plaintiff should pay their aforesaid joint liabilities; and the plaintiff then gave Charles a receipt, in which he agreed to pay their said joint liabilities; and Charles gave the plaintiff his promissory note for the payment to him or bearer of the sum of $361.52, one year from its date, with interest. Charles also then executed and delivered to the plaintiff a mortgage on the same personal property mentioned in the mortgage he had given to Givens, to secure the payment of said note to the plaintiff, on or before the 31st day of December in the following year. And this mortgage contained a clause which authorized the plaintiff, at any time he should deem himself insecure, to take possession of the mortgaged property, and to sell the same at public or private sale to satisfy said note, the interest thereon and costs.

After this mortgage was given to the plaintiff, and within one year after the filing of the mortgage which Givens had assigned to the defendant, the defendant took from the possession of Charles Chadwick, and sold, a portion of the mortgaged property, by virtue of the authority contained in the mortgage he held, and applied the avails of such property in payment of such mortgage. The plaintiff forbade the defendant selling the property, and brought this action for the conversion thereof by the defendant, to recover its value, without demanding it of him, and before the plaintiff's mortgage be-

came due.    Charles Chadwick had paid over $150 on the plaintiff's mortgage soon after it was given.

The action was tried at the Delaware circuit in August, 1858.    The plaintiff claimed to recover the value of the property, under and by virtue of the mortgage he took from his brother Charles; and the defendant justified the sale he had made of the property, and claimed he had the right to take the same from the possession of the mortgagor and sell it, under and by virtue of the mortgage he purchased of Givens. Charles Chadwick directed the bringing of the action, and testified that he had before made up his mind to defeat the defendant's mortgage.    But he also stated that the action was brought for the benefit of the plaintiff to the amount of what was unpaid on the note he gave him, and that the rest was for his own benefit.    He subpoenaed the witnesses for the plaintiff with his own money.    The defendant's counsel requested the judge to charge the jury that if Charles Chadwick made, executed and delivered the mortgage of $300 to Sheldon A. Givens, and made him his agent to sell the mortgage for the best price he could obtain, and Givens, as such agent, sold the mortgage to the defendant for $265, or any other sum less than its face, without communicating to the defendant the purpose for which it was made, then and in that case the mortgagor, and the plaintiff claiming under him, were estopped from setting up usury.    But the judge refused so to charge, and the defendant's counsel excepted.    The defendant's counsel also asked the judge to charge the jury and decide, that the plaintiff, having taken his mortgage with knowledge of the defendant's mortgage, could not set up usury in the defendant's mortgage; which the judge declined to do, and the defendant's counsel excepted.    The defendant's counsel asked the judge to charge the jury and decide, that the plaintiff's mortgage not being due at the time the action was brought, he could not recover; which the judge declined to do, and the defendant's counsel excepted.    The defendant's counsel requested the judge to charge the jury that the plaintiff was not

Chadwick *v.* Lamb.

entitled to recover an amount exceeding what was due on his mortgage; which the judge refused to do, and the defendant's counsel excepted.

The judge charged the jury, in substance, that the Givens mortgage having been sold by him at a discount, became and was thereby rendered usurious and void, and the plaintiff was therefore entitled to a verdict for the value of the property in question. To which charge the defendant's counsel excepted.

The jury rendered a verdict in favor of the plaintiff for $250. The defendant moved for a new trial, on a bill of exceptions.

*William B. Champlin, Jr.,* for the plaintiff.

*F. R. Gilbert, A. Becker* and *Henry R. Mygatt,* for the defendant.

*By the Court,* BALCOM, J. The action was not prematurely brought; and the judge properly refused to charge the jury that the plaintiff could not recover, because his mortgage was not due at the time the action was commenced. This court decided, at the October term, 1846, at Rochester, in *Balcom* v. *Clarke and Johnson,* (*MS. opinion, per Beardsley, J.*) that where personal property, which is mortgaged, has been wrongfully converted, an action to recover its value may be maintained by the mortgagee prior to the time the mortgage becomes due, if there is a clause in the mortgage which authorizes the mortgagee to take possession of the property and sell it, to satisfy the debt secured by the mortgage, at any time he shall deem himself insecure. That case was correctly decided, for the reason that such a mortgage transfers the title to the property to the mortgagee, at the time it is executed; and he has the right to the possession of it at any time he deems himself insecure. And an action for the conversion of personal property, formerly called trover, can be maintained by one who has the right to the possession at the time of the conversion. (1 *Cowen's Tr.* 284, *2d ed. Shuart* v. *Taylor,* 7 *How. Pr. R.* 251.) When the plaintiff took his

mortgage, he acquired not only the right to the possession of the property in question, but every interest in it that the mortgagor had, except the mere equity of redemption. (*Mattison* v. *Baucus,* 1 *Comst.* 295. *Hill* v. *Beebe,* 3 *Kern.* 565.)

The judge erred in refusing to charge the jury that the plaintiff was not entitled to recover an amount exceeding what was due on his mortgage. It was decided in *Spoor* v. *Holland,* (8 *Wend.* 445,) that in trover by a party having a special property in goods, against one claiming under the general owner, the plaintiff is entitled to recover only the value of the special interest. And this rule is well settled. (*See* 21 *Wend.* 300; 7 *Cowen,* 670; 3 *Denio,* 33.) The defendant in this action is not a mere stranger to the question of title to the property in dispute; for he held a mortgage on it, older than the plaintiff's, from the original owner, under whom the plaintiff claims title to it. Satisfy the plaintiff's mortgage, and his claim to the property will be extinguished. His interest in the property should be regarded as special in this action, and that of the defendant general. This court has held at general term in this district, in *Wood* v. *Combs,* (*MS.*) and in other cases, that the mortgagee of personal property will not be permitted to recover beyond the sum due upon his mortgage, in. an action against a creditor of the mortgagor, who seizes and sells the mortgaged property, by virtue of an execution against the mortgagor while he has the possession, after the mortgage becomes due. (*See* 3 *Denio,* 33.) Those decisions were based upon the principle that holds such a levy and sale good as against the *mortgagor.*

The above mentioned error of the judge entitles the defendant to a new trial. I will not, therefore, discuss any other question in the case.

The verdict must be set aside, and a new trial granted; costs to abide the event.

Decision accordingly.

[Otsego General Term, July 5, 1859. *Mason, Balcom* and *Campbell,* Justices.]