WALTER AIKEN *vs.* JOSEPH A. HYDE & another.

As part of the consideration for the price paid for a machine, the seller of it agreed with the buyer, that if on a fair trial by the buyer it should not "prove to be suited for the purpose" for which he bought it, and "entirely satisfactory in all respects" to him, he might return it, and the seller, on receiving it, would pay back the price. The machine, on a fair trial by the buyer, "failed to answer the purpose for which he bought it," and proved unsatisfactory to him; and he returned it without first giving the seller notice of any difficulty, or opportunity to remedy it, and sued him for the price, after demanding and being refused repayment thereof. *Held,* that the buyer was not bound to give any such notice or opportunity; and that it was immaterial that the machine, after its return to the seller, worked well, under his management, without alteration or repairs.

CONTRACT to recover the price paid for a machine for generating gas. The declaration alleged the purchase of the machine by the plaintiff from the defendants, and "that it was understood and agreed between the plaintiff and the defendants at the time of the sale of said machine that, if the said machine should not upon a fair trial by the plaintiff prove to be suited for the purpose for which the plaintiff bought the said machine, and entirely satisfactory in all respects to the plaintiff, the plaintiff should have the right to return the said machine to the defendants, and the defendants should, upon the return of the said machine by the plaintiff and the receipt thereof by the defendants, pay back to the plaintiff the price paid by him for said machine."

At the trial in the superior court, before *Putnam,* J., the plaintiff's evidence showed that he bought the machine from the defendants in Boston in December, 1866, for use in his dwellinghouse in Franklin, New Hampshire; and that the defendants, as part of the consideration for the price paid by him, made the agreement recited in the declaration; that the machine was set up in the plaintiff's house by a servant of the defendants, who gave the plaintiff's servant directions how to manage it; and

that the plaintiff's servant had general charge of the machine until in January 1867 the plaintiff returned it to the defendants, and demanded repayment of the price, which they refused to make. And the plaintiff's evidence tended to show "that the machine failed to answer the purpose for which he bought it, and which it was promised by the defendants that it should answer;" that he and his servant followed the directions given by the defendants' servant, but that the machine proved unsatisfactory to him after repeated trials.

It also appeared that no notice was received by the defendants of any difficulty with the machine till it was returned to them; nor any opportunity afforded to them to remove such difficulty, if any existed; and their evidence tended to show that immediately after receiving it back they set it up, without alteration or repairs, in their place of business in Boston, where it had worked without difficulty ever since.

The defendants asked the judge to rule "that, as matter of law, the plaintiff was bound to give notice to the defendants, so as to give them a fair opportunity to make the machine satisfactory, before returning it." The judge refused so to rule; the jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*C. S. Lincoln,* for the defendants.

*C. Browne,* for the plaintiff.

By THE COURT. In returning the machine, the plaintiff merely exercised a right which was expressly reserved to him by the terms of the contract, as the same is stated in the declaration.

*Exceptions overruled.*