RODOLPHUS D. S. TYLER, Respondent, *v.* HENRY M. AMES, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

A contract to employ an agent for a year, if he " could fill the place satisfactorily," may be terminated by the employer when, in his judgment, the agent fails to meet that requirement of that contract.

THIS was an appeal from a judgment for the plaintiff, entered upon the report of a referee. The facts are stated in the opinion.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The contract of hiring, as found by the referee, was that plaintiff " should serve as defendant's agent in the sale of engines manufactured by defendant, for the term of one year, *if plaintiff could fill the place satisfactorily.*" The service commenced on the 4th April, 1867. Plaintiff was sent to Chicago to look after defendant's interests in that vicinity. In the latter part of July, plaintiff was taken sick, and he remained sick during the month of August, and into the fore part of September, 1867. About the 20th August the defendant went to Chicago and found the plaintiff sick. Although it would seem that it was not impossible for plaintiff to attend to defendant's affairs, it was difficult for him to do so, and for some days he was not well enough to go to his office. The defendant, finding plaintiff in this condition, discharged him, as not able to fill the place, which he was employed to fill, satisfactorily. The plaintiff insists that he was discharged in violation of the contract of hiring, and that he is entitled to recover his wages for the residue of the year.

It was for defendant to determine when plaintiff failed to fill the place of agent satisfactorily, and I know of no one who is authorized to review his decision.

The word " satisfactorily " refers to the mental condition

Tyler *v.* Ames.

of the employer, and not the mental condition of a court or jury. The right of determining whether the plaintiff filled the place of agent satisfactorily must, from the nature and necessity of the case, belong to the person whose interests are directly affected by the plaintiff's action. To require the employer, under such a contract, to prove that plaintiff did not fill the place satisfactorily, would be to require of him an impossibility, unless his own oath was taken as to his mental status on the subject. If he is required to prove facts and circumstances that would justify him in feeling dissatisfied with the manner plaintiff filled his office, it would be annulling this clause of the contract, as, without such a clause, he would have the right to dismiss the plaintiff if he did not properly perform his duties.

The question is quite similar to the one that is sometimes raised on chattel mortgages, containing a clause authorizing the mortgagee to take the property and sell it when he deems himself insecure. The weight of authority is in favor of the right of the mortgagor to take and sell the property without any obligation to prove that the facts and circumstances surrounding the parties justified him in deeming himself insecure. (*Huggans* v. *Fryer*, 1 Lans., 276; *Chadwick* v. *Lamb*, 29 Barb., 518; *Rich* v. *Milk*, 20 id., 616; *Hall* v. *Sampson*, 19 How. Pr., 481; *Farrell* v. *Hildredth*, 38 Barb., 178.) If, however, the defendant was bound to show that he had sufficient reason for not being satisfied with the ability of the plaintiff to fill the place satisfactorily, the proof is ample to authorize him to dismiss the plaintiff.

The clause was not intended to be limited in its operations to any particular period of time after the plaintiff entered upon his duties, but authorized the termination of the hiring at any time during the year, when plaintiff, by disease, by indulgence in bad habits, by neglect of duty, or in any other way, rendered himself unfit or incapable of performing his duties. I cannot resist the conclusion that plaintiff was properly discharged.

Several of the findings of fact are not justified by the evi-

dence, but it is unnecessary to consider them, as the judgment must be reversed, whatever our conclusion may be as to those findings.

Judgment reversed and new trial ordered, costs to abide the event.