GEORGE A. SPRING, Appellant, *v.* ANSONIA CLOCK COMPANY, Respondent.

24h 175
163a 408
24h 175
62ad466

*Contract to render services to the satisfaction of another — when it may be terminated by the latter without assigning any cause therefor.*

The plaintiff and defendants entered into an agreement by which the former agreed to work for the latter for the term of one year for the sum of $1,200, payable in equal weekly installments, and the defendants agreed to pay therefor, "provided his work and services should be to their satisfaction. Should there be any disagreement the installments are to be paid only to the time of such disagreement, unless an amicable settlement can be arranged."

*Held*, that the employment of the plaintiff was only to continue during the pleasure of the defendants, and that the latter might discharge him at any time without assigning any reason therefor.

Appeal from a judgment in favor of the defendants, entered upon an order dismissing the complaint, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*L. K. Church*, for the appellant.

*Frederick H. Man*, for the respondent.

Dykman, J.:

The plaintiff and defendants entered into the following agreement: "New York, August 17, 1879. I, George Spring, agree to work for the Ansonia Clock Company, as clock case maker, for one year from this date, for the sum of $1,200, payable in equal weekly installments; and the Ansonia Clock Company agrees to pay said Spring as above, provided his work and services shall be to their satisfaction. Should there be any disagreement the installments are to be paid only to the time of such disagreement, unless an amicable settlement can be arranged."

Under this agreement the plaintiff performed services from its date to the first day of December following, when he was discharged without the assignment of any cause, except he was not the man the company wanted.

This action is brought to recover the damages sustained by the

plaintiff by reason of such discharge, and at the close of the plaintiff's testimony on the trial the complaint was dismissed.

The plaintiff complains of this disposition of the case, and insists that under the contract some cause should have been assigned for his dismission, and that the contract bestowed on the defendant no power to discharge him without the assignment of a reason. We cannot yield assent to such construction. Without the provision for that purpose introduced in the contract, the law secured to the defendant the right to discharge the plaintiff at any time for cause, and it must be assumed that the provision on that subject was inserted in the contract to enable the defendant to exercise more power in discharging than could have been exerted in its absence. The contract of the defendant to pay is subject to the proviso that the services shall be to its satisfaction, and that fact is subject to no determination but the will of the company expressed through the proper agency. The determination of the question whether the services of the plaintiff under this contract were satisfactory, belonged entirely to the company, subject to no control from the courts. The will of the company is the only tribunal to which the question can be referred.

These views are sustained by the case of *Tyler* v. *Ames* (6 Lans., 280), in which it was held that a contract to employ an agent for a year, if he "could fill the place satisfactorily," might be terminated by the employer when in his judgment the agent failed to meet that requirement of the contract, and it was there stated that the word "satisfactory," referred to the mental condition of the employer, and not to that of a court or jury.

In the case of *Hart* v. *Hart* (22 Barb., 606), where a son agreed to maintain his father during life, and covenanted that if at any time the father should become dissatisfied with living with him the son would pay all reasonable charges for the board of the father, it was held that the father had the right to quit the family of the son whenever he became dissatisfied, without showing any good excuse for leaving, and it was there said that the terms of the contract made the feelings of the father the sole judge of the matter. A similar question has sometimes arisen under chattel mortgages containing a clause authorizing the mortgagee to take possession of the mortgaged property at any time he deems himself unsafe, and

the courts have equally held that the question of insecurity was for the determination of the mortgagee, and that he was under no requirement to prove circumstances justifying his feeling of insecurity.

Our conclusion, therefore, is that the defendant was justified under this contract in the discharge of the plaintiff, and the complaint was properly dismissed at the trial.

Judgment affirmed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

BARNARD, P. J.:

The fair import of the agreement in writing between the parties was, that the hiring was to be for one year, provided the plaintiff suited the defendant as a workman. The paper did not leave the reason for the discharge open to dispute. In case the defendant should be dissatisfied with plaintiff's "work and services," then the right upon plaintiff's part to wages should cease. In other words the employment was during the pleasure of the defendant. The complaint was, therefore, properly dismissed and the judgment should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.