## W. Y. Leader v. The City of Austin.

Appeal from Travis County. Opinion by Willson, J.

§ **439.** *Printing contract; city ordinance concerning; power of rescission.* Article 448 of the Revised Civil Ordinances of the city of Austin is as follows: "Contracts for the printing of the city shall be awarded by the mayor and printing committee, under authority of the city council, to the lowest and best responsible bidder, after advertisement for sealed proposals, as in cases of other contracts; but the right shall at all times be reserved to reject any and all bids, and any contract so awarded shall be subject to be revoked and annulled at any time by the city council."

On the 9th day of January, 1882, the city council of Austin awarded to W. Y. Leader a contract to do the city printing for a term of two years from that date, at prices therein stipulated, and in said contract the above-quoted article 448 was expressly referred to as the authority for making the contract. On the 6th day of March, 1883, the city council adopted a resolution revoking and annulling said contract. Appellant had been paid in full for all work performed by him under the contract before the same was revoked and annulled. This suit was brought by Leader to recover of the city of Austin damages for breach of said contract, and judgment was rendered on the trial for the city. Appellant's positions are: 1. That the power of revocation contained in the ordinance is null and void. 2. That such power could be exercised by the city council only for adequate cause and upon notice to plaintiff; and 3. That the resolution of revocation was *ex parte,* without cause and without notice to plaintiff.

Where two or more persons enter into a contract of a continuing nature, one of them cannot, by his own act, discharge himself from liability and put an end to the

194

contract, without the consent of the other, unless there is
an express power of defeasance reserved to him.   [1 Ad-
dison on Cont. 361.]   Parties may, by mutual assent and
agreement, reserve to themselves the power of putting an
end to the contract by notice or otherwise, at any particu-
lar period, or upon the happening of any given event. [Id.]
In the case of Bietry v. City of New Orleans, 24 La. Ann.
21, an ordinance of the city reserving in the city the right
to discontinue and annul a contract was upheld, and the
court said:   "These stringent provisions were stipulated
in view of the public interests, and there is no law for-
bidding their enforcement, and, having assented to them,
they are the laws unto the parties to the contract."

§ 440. *Power to revoke contract without assigning rea-
son or cause.*   This question was discussed in Spring v.
Ansonia Clock Company, 24 Hun (N. Y.), 175.   It was
there said: "Plaintiff insists that under the contract some
cause should have been assigned for his dismission, and
that the contract bestowed upon the defendant no power
to discharge him without the assignment of a reason.
We cannot yield assent to such a construction.   Without
the provision for that purpose introduced in the contract,
the law secured to the defendant the right to discharge
plaintiff at any time for cause, and it must be assumed
that the provision on that subject was inserted in the con-
tract to enable the defendant to exercise more power in
discharging than could have been exerted in its absence.
The contract of the defendant to pay is subject to the pro-
viso that the services shall be to its satisfaction, and that
fact is subject to no determination but the will of the
company expressed through the proper agency.   The de-
termination whether the services of the plaintiff under
this contract were satisfactory belonged entirely to the
company, subject to no control from the courts.   The will
of the company is the only tribunal to which the question
can be referred."   [Citing Tyler v. Ames, 6 Lans. 280;
Hart v. Hart, 22 Barb. 606.   To same effect is Searle v.

Ridley, 28 L. T. (N. S.) 411, cited in note to De Camp v. Hewitt, 43 Am. Dec. 208.]

§ 441. *Contracts; binding effect of.* As men bind themselves so must they be bound. When the terms of a contract are free from ambiguity, and not such as are against the policy of the law to enforce, they establish the rights of the parties in the subject matter which will be protected and enforced by the courts. [Menard v. Sydnor, 29 Tex. 257.]

June 20, 1883.                                 Affirmed.