Macomber, J.
This action is brought to recover—first, •a balance of $1,000 remaining unpaid upon a contract for polishing and varnishing, the woodwork in the houses of the defendant; and, second, to recover $833.50, the amount alleged to be due the plaintiffs for extra material and services rendered by them to the defendant in such work, but which were furnished and made outside of the contract. The jury rendered a verdict for both causes of action and rejected wholly the counterclaim made by the defendant for damages for the non-performance by the' plaintiffs of the work contracted for.
The contract required the plaintiffs to complete the work in the best workmanlike manner, under the superintendence of the defendant’s foreman, William Picken, and the work to be done as well as the parlor floor in 5-89 Fifth avenue. It further required the buildings to be completely finished to the satisfaction of the owner or his superintendent, and pending the expression of this satisfaction the sum of $5,000 was to remain unpaid.
Notwithstanding this provision, however, the defendant from time to time paid to the plaintiffs of this reserve fund of $5,000 the sum of $4,000, leaving as before stated, only $1,000 unpaid upon the whole contract. This is explained, however, by the defendant, who says that he did it through the great importunity of the plaintiffs, or one of them, and in order to induce the plaintiffs to proceed with the work when they were threatening to abandon it altogether. *47 There is, therefore, nothing to be taken against the defendant by reason of advancing four-fifths of this reserve fund which he was not obliged to pay until the final completion of the work.
The evidence was conflicting. We have examined in detail the testimony given in behalf of the plaintiffs, and find as the result therefrom that apparently credible witnesses testified that the work was done in the best workmanlike manner, and that two of the witnesses testified that after the finishing of the work, as they supposed, they asked the defendant if there was anything more for them to do in order fully to complete the contract, and that the defendant replied that there was not.
In behalf of the defendant witnesses were called whose testimony, with more or less directness, is to the effect that some portions of the work were improperly done. Bo much for the evidence as it relates to a recovery upon the original written contract.
In respect to the claim for additional labor the evidence was equally conflicting, and yet we find in it clear and positive testimony upon which a verdict of a jury could safely rest in fayor of a claim made therefor.
The testimony adduced for the defendant was to the effect that a portion of the claim for extra services and materials was according to the customs of the trade embraced within the written contract. There was, therefore, a clear conflict of evidence upon all branches of the case which rendered it necessary for the court to submit the. case to a jury, which was done with a full and certainly not unfair statement of "the condition of the evidence for the respective parties.
It follows, therefore, that the judgment must be affirmed unless some error was committed by the trial judge in the construction which he put, both in his rulings and in his charge to the jury, upon the terms of the written contract.
The only expression contained in the contract which was not of the ordinary run of agreements is, that the work *48 should be done to the entire satisfaction of the defendant. The court instructed the jury, as we think, properly, that this term should be construed in connection with the other portions of the contract, arid that if they found that the work was done in the best workmanlike manner, as another part of the contract provided, the defendant was bound to» be satisfied, and could not arbitrarily and without reason avoid responsibility by simply saying that he was not satisfied.
We are of the opinion that the learned trial judge-adopted the true construction of this agreement; that no-error was committed, either in his instructions to the jury or upon his rulings upon the evidence, and that consequently the judgment should be affirmed, with costs.
Daniels and Brady, JJ., concurred.
Note on Stipulations to Satisfy.
The principal considerations in actions upon contracts containing stipulations to satisfy one of the contracting parties before the other party can compel payment for the thing purchased or the work done, are: 1. The proper construction of the stipulation to satisfy,—whether in express terms it leaves the promisor the absolute right to refuse payment, if not satisfied, irrespective of the reasons for his determination; 3. The nature of the contract—whether it involves matters dependent upon the feelings, taste or sensibilities ; 3. The proof of the party’s satisfaction—whether his own declaration of dissatisfaction is conclusive; 4. The acceptance of the work or thing after sufficient opportunity to determine the question of satisfaction; 5. The reasonableness or good faith of the party in declaring that he is not satisfied.
Strict classification of the cases in accordance with these elements is not possible, as each case generally involves more than one of them, but the cases may b.e usefully grouped in the following general divisions.
1. Absolute stipulations to satisfy.] A contract for the purchase of a harvesting machine contained a stipulation that the contract should be of no effect unless the machine worked to the purchaser’s satisfaction. Held, that under such a contract, the purchaser had the absolute right to reject the machine, without giving any reason therefor, and his determination could not be reviewed. Such stipulations are not to be limited to cases involving *49 the feelings, taste or sensibility of the party. (Citing and distinguishing cases.) Wood Reaper & M. Machine Co. v. Smith, 50 Mich., 565.
Defendant accepted plaintiff’s proposition contained in a letter addressed to him to put up an elevator of his make according to certain specifications, '' warranted satisfactory in every respect.” The elevator was unlike those in most general use. After it was substantially finished, defendant deemed it unsatisfactory, and requested plaintiff to remove it, which be refused to do. In an action for the price,—Held, that defendant was not liable if he acted in good faith and the work was not satisfactory to him, although he ought to have been satisfied. Singerly v. Thayer, 108 Penn. St., 391.
Plaintiff agreed to make a hook-case, for a church society, of a kind and dimensions described in the agreement, and to finish it " in a good, strong and workmanlike manner, to the satisfaction of the president of the society.” Held, that he could not recover for the book-case by showing that it was constructed according to the terms of the agreement, without also proving that it was satisfactory to or accepted by the president. McCarren v. McNulty, 7 Gray, 139.
Plaintiff agreed to make a suit of clothes to the satisfaction of the defendant. The suit was received by defendant and returned the next day as unsatisfactory. Held, that plaintiff could not recover, even if defendant ought to have been satisfied. Brown v. Foster, 113 Mass., 136.
Plaintiff purchased a fanning-millto clean wheat with the right to return it in thirty days and receive back the sum paid, if it did not “suit him and answer the purpose. ” Held, that he had a right to return it upon the ground that it did not suit him, that he wras the sole judge of that question, and that it was immaterial that the mill answered the purpose. Goodrich v. Van Nortwick, 48 Ill., 445.
Defendants agreed to-purchase a steamboat, "provided, upon trial, they are satisfied with the soundness of her machinery, boilers,” etc. Held, that regarding the defendants as having made an obligatory agreement, and not a mere offer to purchase, no recovery could be had for their failure to complete the purchase, unless it were shown that they were satisfied with the steamboat: whether or not they ought to have been satisfied is immaterial. Gray v. Central R. R. Co. of N. J., 11 Hun, 70.
Where an article is purchased, subject to the right to rescind the contract, if it do not prove satisfactory, the purchaser is made the exclusive judge of its fitness. Hartman v. Blackburn, 7 Pitts. L. J., 140.
Plaintiffs agreed to furnish defendant with designated machines (“First Breaker Feeders ”) of certain dimensions, guaranteed “ to do the defendant’s work satisfactorily.” Held, a defense to an action on the agreement that the machines delivered were so badly constructed that they could not be made to do defendant’s work well or satisfactorily, the defendant having notified plaintiffs to that effect and to remove the machines. (Decision turned mainly on admissibility of evidence of the oral guarantee in addition to the written instrument.) Chapin v. Dobson, 78 N. Y., 74.
*50 2. Modified stipulations.] A contract to pay for a machine (a patent heater) if it is “ satisfactory or does what is claimed for it ” is binding, if the-machine meets the warranty, whether the purchaser is satisfied or not. Clark v. Rice, 46 Mich., 308.
A contract of defendant to hire plaintiff for six months provided that the contract might he terminated if either party should become dissatisfied, provided, when the cause of dissatisfaction should he made known, it could not he removed. Held, that plaintiff could not recover for a partial performance of his contract, if he left defendant’s service before the six months, expired without sufficient cause. Seaver v. Morse, 20 Vt., 620.
And where defendant agreed to work for defendant for a definite time, with the understanding that he might leave “if he had good reason to be-dissatisfied,”—Held, that if he left on account of ill health, his recovery fertile time he worked should he reduced by the damages sustained by defendant by his failure to serve the full term. Patrick v. Putnam, 27 Vt., 759. Compare cases cited infra: Rossiter v. Cooper ; Provost v. Harwood ; Whitcomb v. Gilman ; Tyler v. Ames.
Plaintiff bought a gas generator upon an agreement for return of the-price paid, if after a fair trial “ it did not prove to he suited for the purpose- and entirely satisfactory ” to the plaintiff. Held, that he had a right to-return the machine upon trial, and recover the price paid, if it did not answer his purpose and he was not satisfied, without having first notified defendant, or given him an opportunity to remedy the difficulty. Aiken v. Hyde, 99 Mass., 183.
3. Matters affecting taste, feelings, eta.] Under a contract to pay for a bust of defendant’s deceased husband to he made by plaintiff from a photograph, if satisfied with it,—Held, defendant having refused to accept the, bust because not satisfied, that plaintiff could not recover, however unreasonable defendant’s dissatisfaction might be, and although the workmanship was perfect, and defendant’s dissatisfaction was caused by the bust not showing the expression of the deceased when living, a defect impossible to remedy because of the nature of the work as a dead white model. Zaleski v. Clark, 44 Conn., 218.
Plaintiff agreed to make a portrait to he paid for if it was satisfactory to defendant. Held, that there could he no recovery unless satisfactory, however good the picture was. Gibson v. Cranage, 39 Mich., 49.
Defendant agreed to pay a stipulated sum for his portrait in oil to be painted by plaintiff, if the defendant’s friends should decide that the portrait was a good likeness. Held; that plaintiff could not recover without showing a reasonable and substantial compliance with the condition. It was not enough that the jury found the portrait to he a good likeness of defendant; his friends must have been satisfied on that point. Hoffman v. Gallaher, 6 Daly, 42.
Under a contract of defendant to maintain the plaintiff, his father, through life and to provide him with hoard and lodging, and providing that if plaintiff “ shall become dissatisfied with living ” with defendant, the *51 latter should pay for plaintiff’s board,—Held, in an action for breach of the agreement, that plaintiff had a right to quit” defendant’s family whenever he became dissatisfied, without showing any good excuse for leaving. “Contentment and satisfaction with a man’s position in a particular family is a matter which the law will not assume to determine for him.” Hart v. Hart, 22 Barb., 606.
Defendant having hired plaintiff as his agent for the sale of engines for the term of one year, if plaintiff “could fill the place satisfactorily,” discharged him after a time, upon his becoming too ill to attend to his duties. Held, that an action for his wages for the residue of the year could not be sustained, the court saying : “It was for defendant to determine when plaintiff failed to fill the place of agent satisfactorily, and I know of no one who is authorized to review his decision. The word ‘ satisfactorily ’ refers to the mental condition of the employer, and not the mental condition of a court or jury. If he is required to prove facts and circumstances that would justify him in feeling dissatisfied with the manner plaintiff filled his office, it would be annulling this clause of the contract, as, without such a clause, he would have the right to dismiss the plaintiff if he did not properly perform his duties.” Held, also, that, at any rate, defendant had sufficient reason for dissatisfaction, and the dismissal was authorized. Tyler v. Ames, 6 Lans., 280.
A contract of defendant, hiring plaintiff for one year, provided that if plaintiff should become dissatisfied and wish to leave the defendant’s employ, he might do so, upon giving notice. Held, that plaintiff could leave at any time when dissatisfied, whether he had any cause for dissatisfaction or not, and could recover at once for his labor. Rossiter v. Cooper, 23 Vt., 522.
A person may recover for the time he labors under a contract for an entire period, but in which he reserves the right to quit at any time if dissatisfied, if he becomes dissatisfied and leaves, though it be capriciously and without any good reason. Provost v. Harwood, 20 Vt., 219.
He may recover at the stipulated price per month ; not merely what his services are reasonably worth. Whitcomb v. Gilman, 35 Vt., 297. Compare cases cited supra: Seaver v. Morse ; Patrick v. Putnam.
4. When liable if ought to be satisfied,. ] By a contract of sale of land, the purchasers agreed that if the title of the vendors should prove good against all other claims, they would pay the price agreed “ three months after they should be well satisfied ” that the title was good. Held, that it was no defense to an action for the purchase price to say that defendants were not satisfied with the title “without showing some lawful incumbrance-or claim existing against it. The law in this case will determine for the defendant when he ought to be satisfied.” Folliard v. Wallace, 2 Johns., 395.
Defendant contracted in writing for the purchase of milk-pans, agreeing to pay “ if satisfied with the pans.” After receiving the pans and using them some time, defendant notified plaintiff to take them away. Held, *52 that defendant had no right to say, arbitrarily and without cause, that he was dissatisfied, and would not pay for the pans. “ His dissatisfaction must be actual, not feigned; real, not merely pretended.” Daggett v. Johnson, 49 Vt., 345; following Hartford Sorghum Mfg. Co. v. Brush, 43 Vt., 528, where the same rule was applied to a contract for the purchase of a sugar evaporator, to be returned after trial, if purchaser did not like it.
A horse railroad company covenanted with the city to keep the street pavement in thorough repair over a specified, space and with a specified material, “ under the direction of such competent authority as the common council might designate.” Held, that if the company fully met the specific requirements of the contract as to repairs, although the direction of the authorities went further, it had satisfied its obligation, “ for the reservation to the plaintiff of the power to direct is no more in effect than the not unusual condition in contracts, that the work to be done shall be to the satisfaction of the recipient party. Such satisfaction is not an arbitrary or capricious one. It has its measure by which it can be filled. That which the law shall say a contracting party ought, in reason to be satisfied with, that the law will say he'is satisfied with.” Folger, J., City of Brooklyn v. Brooklyn City R. R. Co., 47 N. Y., 475, 479.
A life insurance company having offered to-revive a forfeited policy, if the assured would pay the premiums in arrear and furnish a certificate of his good health,—Held, that if the company’s proposition be deemed to have included a condition that the certificate should be satisfactory to it, the return of the certificate to the assured could not be justified upon that ground without showing that it was taken with reason. Miesell v. Globe Mut. Life Ins. Co., 76 N. Y., 115.
5. Approval Try third •_person.'} A building contract provided that the work should be done according to the specifications in a workmanlike manner, to the satisfaction and under the direction of the architect, to be testified to by his certificate. Held, that the builder migflit récover without producing the architect’s certificate, if he showed substantial performance of his contract, and that upon application to the architect for his certificate he unreasonably and in bad faith refused to give it. Thomas v. Fleury, 26 N. Y., 26.
Where a building contract provides that the work shall be done in strict accordance with the plans and specifications, subject to the acceptance or rejection of an architect, his acceptance of the work not done in accordance with the contract will not bind the owner. Glacius v. Black, 50 N. Y., 145. Compare Gustaveson v. McGay, 12 Daly, 423.
Under a contract by plaintiff to build a house for defendant according to certain specifications, and to complete it “in a good, substantial and workmanlike manner, to the acceptance of ” the architect, any dispute as to construction of drawings and specifications to be decided by the architect, whose decision was to be “ final and conclusive,” and “ the work to be executed so as to fully carry out the design for said building as set forth in the specifications * * and to the full and complete satisfaction of the *53 architect, and to the satisfaction of the owner,”—Held, that the last provision referred only to the design of the building and not to the quality of the work done or the materials furnished, and as to these matters, in the absence of fraud or collusion, the decision of the architect and his acceptance of the work as satisfactory, was binding on the owner. Tetz v. Butterfield, 54 Wisc., 242.
Under a building contract to be executed to the “full and complete satisfaction ” of the superintendent, his satisfaction is a condition precedent to recovery of the price agreed to be paid for the work, unless his certificate of approval is withheld in fraud or bad faith, or by clear mistake. Hudson v. McCartney, 33 Wis., 331; followed in construing asimilar contract, Oakwood Retreat Assoc. v. Rathborne, 65 Wisc., 177.
A complaint alleging a contract by plaintiff to construct certain works for the defendants, to be paid for on production of the certificate of defendant’s surveyor, that plaintiffs had completed the work to his satisfaction, and that the plaintiffs have done all that is required to entitle them to the certificate, but that the surveyor wrongfully and improperly neglected and refused to give the certificate,—is bad on demurrer ; plaintiffs cannot recover without the certificate, in the absence of collusion. “ This is, in effect, an attempt on the part of the plaintiff to take from the defendants the protection of their surveyor, and to substitute for it the opinion of the jury.” Clarke v. Watson, 18 Com. B. (N. S.), 278.
By a contract between L. and a railroad company, L. agreed to furnish the company a certain quantity of ice, of a given description, the same to be “ subject to the inspection and approval of an agent of the company.” In an action by L. against the company to recover damages for a breach of the contract,—Held, 1st. That if the agent rejected the ice fraudulently, or in bad faith, the defendant was responsible for his act; 2d. But that under the contract, which was perfectly lawful, the judgment of the agent, no matter how erroneous or mistaken it might be, or how unreasonable it might appear to others, was conclusive between the parties, unless tainted! with from d or bad faith. “ To substitute for it the opinions and judgments of other persons, whether judge, jury or witnesses, would be to annul the contract, and make another in its place. ” Lynn v. Baltimore & Ohio Railroad Co., 60 Md., 404.
Where a contract for the sale of hops of a particular description provided that they should be delivered “subject to the inspection of B. or other mutually satisfactory,”—Held, in an action for damages for refusal to accept, that B. having inspected and approved the hops tendered, the buyers were in default for not accepting, although B. was himself one of the sellers ; that neither party had the right to demand inspection by any other person, unless B. neglected or refused. But B.’s inspection might be assailed for fraud or bad faith, or if made without notice to the buyers. Dustan v. McAndrew, 44 N. Y., 72 ; aff’g 10 Bosw., 130.
Where a contract made payment conditional upon full completion duly certified to by an official,—Held, that plaintiff might recover if the contract *54 had been fully performed, although the certificate had not been given, because of an injunction against his doing so ; that in the contemplation of law, the certificate ought to have been given when the work was done, and its refusal was unreasonable, so far as defendant’s liability was concerned. Bowery Nat. Bank v. Mayor, etc., of N. Y., 63 N. Y., 336.
Under a contract by which defendants agreed to purchase of plaintiffs a cargo of coal then at sea for use on their vessels, if their engineer approved its quality,—Held, that although the coal offered to defendants was Blackheath or Wyoming coal, the kind named in the contract, yetas it was too hard for use on their vessels, and the engineer in good faith refused to approve it on that ground, defendants were not bound to receive it. Heron v. Davis, 3 Bosw., 336. See, also, Delafield v. DeGrauw, 9 Bosw., 1.
6. Declaration of dissatisfaction.] Under a contract for the purchase of a fire-engine by a town, "subject to the approval of the fire committee,’’ and the workmanship, finish and performance of the engine warranted “ satisfactory to them,” the engine must be in fact satisfactory to the committee to entitle the seller to recover ; it is not enough that they ought to be satisfied. It seems, however, that the seller might recover if the committee were in fact satisfied, although they in bad faith declared to the contrary in deference to public clamor against the proposed purchase. U. S. Circ. Ct. Cal., 1885, Silsby Manuf. Co. v. Town of Chico, 24 Fed. Rep., 893.
Sales on trial. ] Where A. takes to his own house a horse of B., intending to purchase it if satisfactory, with an understanding that he is to use it by way of trial until a specified timp, and then, if not satisfied, bring it back to B., or if too busy for that, to let it stand unused until B. comes for it, and A. continues to use the horse after the time so fixed, and then refuses to buy and offers to return it, this is evidence for the jury on the question whether A., at the time so fixed, had determined to retain the horse, and is therefore liable for the price, but is not conclusive evidence. “ In any view of the case the evidence proved what is denominated 1 sale on trial,’ or ‘ approval,' or a ‘ sale or return.’ In such cases the sale is not consummated, and the title remains in the vendor after the delivery and until the approval is signified by the vendee, or until he so conducts himself with regard to the property that the law will presume that he has approved of the property and is satisfied to keep it as his on the terms agreed upon.” Kahn v. Klabunde, 50 Wisc., 235.
Defendant agreed to take a reaper and mower upon trial, with the understanding that, if it suited him, he would pay the price demanded therefor; and if it did not, he would return it. He neither returned it after trial, nor notified the vendor that he was dissatisfied with its performance. Beld, that the vendor was justified in treating the sale as absolute, and was entitled to recover the contract price. Spickler v. Marsh, 36 Md., 222.
Defendant having taken plaintiff’s horse to return it “if he did not like it,” in as good a condition as he got it,—Held, in an action for the price, that, assuming defendant was to buy the horse if he liked it, there was no *55 sale until lie had determined the question of his liking, and the horse having been injured without his fault, before he had any opportunity to try him, he was not liable. Hunt v. Wyman, 100 Mass., 198.
Plaintiff agreed to let defendant take his horse on trial for a month, to be purchased if he liked him. Held, that although at the end of two weeks defendant said he did not like the horse, but did not return him at once as plaintiff requested, but kept him ten days more, and then returned him within the month, he was not liable for the price. He had the whole month to decide. Ellis v. Mortimer, 4 B. & P., 257.
■ Plaintiff sold a horse to. defendant, upon condition that the horse should be taken away by defendant and tried by him for eight days, and returned at the end of that time if the defendant did not think it suitable for his purposes. The horse having died while in defendant’s possession within the eight days, without fault of either party,—Held, that defendant was not liable for the price, even though the jury found that the horse might, or probably would, have suited defendant’s purposes. Elphick v. Barnes, L. R., 5 C. P. Div., 321; s. c., 28 Weekly Rep., 139 ; 20 Am. L. Reg. (N. S.), 240. See, also, Badger v. Burleigh, 13 N. H., 507.
“ The rule is well settled by a long line of authorities, that in executory contracts for the manufacture and sale of goods, an acceptance of the goods after an opportunity to examine them, is a consent and agreement that the quality is satisfactory. The purchaser must return or offer to return the goods at once.” Norton v. Dreyfuss, 51 Super. Ct. (J. & S.), 491, 497.
Plaintiff repaired defendant’s boilers under a contract to pay for the work as soon as the defendants “ were satisfied that the boilers as changed were a success.” The work having been done in all particulars as required, and the boilers used by defendants without objection or complaint,—Held, that they could not defeat an action for payment by a mere allegation that they were dissatisfied, “ thus making their obligation depend upon the mental condition of defendants which they alone could disclose.” Duplex Safety Boiler Co. v. Garden, 101 N. Y., 387 ; aff’g 32 Hun, 68.
Ordinarily, when property is sold on trial, the vendee must notify the vendor of the failure in a reasonable time, or the sale will be deemed complete ; but otherwise when the vendor agrees to examine the working of the article and learn the result himself. Gibson v. Vail, 52 Vt., 476.
Analogous cases.] Under the clause often found in chattel mortgages authorizing the mortgagee to take the property when he deems himself insecure, “ the weight of authority is in favor of the right of the mortgagee to take and sell the property without any obligation to prove that the facts ■and circumstances surrounding the parties justified him in deeming himself insecure.” Mullin, P. J., in Tyler v. Ames, 6 Lans., 280, citing Huggans v. Freyer, 1 Lans., 276; Chadwick v. Lamb, 29 Barb., 518; Rich v. Milk, 20 Barb., 616 ; Hall v. Samson, 19 How. Pr., 481; Farrell v. Hildreth, 38 Barb., 178.
Plaintiff performed work for a committee under a resolution passed that any services to be rendered by him should be “ taken into consideration, *56 and such remuneration be made as shall be deemed right.” Held, that an action would not lie to recover for the work done, because the contract made the committee the sole judge as to whether any remuneration was. due. It was “ an engagement of honor.” Taylor v. Brewer, 1 Maule & S., 290.