## GLENNY *v.* LACY.

*(City Court of New York, Trial Term.   June 29, 1888.)*

1. THEATERS AND SHOWS—AGREEMENT TO ALTER A PLAY SATISFACTORILY TO ACTOR.
    When a playwright agrees to write or alter a play to the satisfaction of an actor, the latter is not obliged to pay for it unless it is satisfactory to him.[1]

2. SAME—FORFEITURE OF PLAY—WAIVER BY PLAYWRIGHT.
    The forfeiture of a play, unless the installments are paid according to the contract, is for the sole benefit of the playwright, and may be waived by him.

*(Syllabus by the Court.)*

The plaintiff is an actor and dramatic author, and the defendant an actor now performing the chief character in "Still Alarm." The plaintiff dramatized a play entitled, "For Life," intending it for Osmond Tearle, and on the 19th of April, 1887, contracted to sell it to the defendant for $400; one-half of which was paid down, and the balance was to be paid on or before September 1, 1887. The action is for this balance of $200. The following clauses of the contract are material to the disposition of this case: "(1) It is understood between the parties that in the event of the said Harry Lacy not paying or tendering to Thomas H. Glenny the balance, viz., $200, by September 1, 1887, that said Lacy will forfeit all claims to the aforesaid drama. (2) It is also understood and agreed between the parties that said Glenny will make such alterations in said drama suggested by said Lacy, to the satisfaction of the said Lacy." The defendant claims that the plaintiff did not make the alterations he required; and that he, in consequence, forfeited the play under the condition first mentioned.

*John Brice,* for plaintiff.   *J. T. Walsh,* for defendant.

McADAM, C. J.   Giving proper effect to each part of the contract, and the evident intent of the parties, the provision in regard to forfeiture was inserted as an additional security to the plaintiff that the balance due, of $200, would be forthcoming at the appointed time. If not forthcoming, the plaintiff had the right to treat the defendant's control over the play as at an end, and might have repossessed himself of it under the contract, or he might waive that provision intended for his benefit, and maintain an action to recover the balance due. He has elected the latter course, and had the legal right to do so. *Canfield* v. *Westcott,* 5 Cow. 270; and see note at pages 271, 272. The defendant did not reserve the right to surrender or forfeit the play if dissatisfied with it, so as to discharge himself from the payment of the last installment of $200, which he promised to pay by his contract. The plaintiff has not consented to rescind the contract, and insists upon its performance. The provision in regard to alterations does not require the plaintiff to write a new play, nor to do anything equivalent to that. The play, as written, was sold for $400, and the plaintiff was to make such alterations in it as the defendant might suggest. The suggestions were to come from the defendant. The defendant did make certain suggestions, and these seem to have been substantially followed. The alterations suggested were to be "made to the satisfaction of the defendant," and he swears that he was not satisfied with them. This is the portion of the agreement that requires serious consideration. The plaintiff, as a dramatic author, was sensitive as to the character of the alterations he should make. They should, he thinks, be judiciously made, and in keeping with his high opinion of the dramatic art. The defendant, on the other hand, as an actor, evidently wanted the play altered to suit his peculiar talents, and his notions of what would take with the public. The views held by the parties essentially differed as to the propriety of the altera-

[1] See Singerly v. Thayer, (Pa.) 2 Atl. Rep. 230, and note; McClure v. Briggs, (Vt.) Id. 583, and note; Seeley v. Wellès, (Pa.) 13 Atl. Rep. 736, and note.

tions to be made. This subject, by the contract, however, was left entirely to the defendant, although his judgment may have been inferior to that of the plaintiff. The alterations were to be made "to his satisfaction," and he was made the sole judge of their propriety. The defendant and his wife were to take leading characters in the play. It was not written for them, but was to be altered to suit them. What suited them was best known to themselves, and was consequently left to the judgment of the defendant. The defendant did not appear willing to leave the question to the courts, or to dramatic critics, who might differ as to the propriety of the changes he might suggest, and required as a condition that the alterations should be made satisfactory to him, and the plaintiff unwisely consented to this provision. The defendant swears that the alterations did not suit him, and there is no satisfactory evidence that his refusal to be satisfied was capricious or willful. In *Moore* v. *Goodwin*, 43 Hun, 534, it was held that the defendant was under no obligation to receive and pay for a portrait which was to be satisfactory to the defendant if in fact it was not satisfactory to him; that the contract did not give the opposite party or a jury the right to decide whether the defendant ought to be satisfied. See, also, *Hoffman* v. *Gallaher*, 6 Daly, 42. The court distinguished between a case which involves a matter of taste, fancy, or judgment, as a portrait, and an ordinary contract, job of work, or material, in respect to which the law will say that what in reason ought to satisfy a contracting party does satisfy him. *Boiler Co.* v. *Garden*, 101 N. Y. 387, 4 N. E. Rep. 749; *Doll* v. *Noble*, 18 Abb. N. C. 45. So a perfect title to the satisfaction of the vendee means only a perfect legal title, and a refusal to receive such a title may be regarded as capricious, (*Burns* v. *Munger*, 45 Hun, 75;) but where the matter involves a question of taste, fancy, or judgment the decision of the arbiter is final. Thus, where a sculptor agreed to make a bust, and that the customer need not accept it unless he was satisfied with it, the bust was a good piece of work, but the customer was not satisfied, and the court held that no action would lie for the price. *Zaleski* v. *Clark*, 44 Conn. 218; *Cross* v. *Belknap*, 24 Wkly. Dig. 256, 25 Cent. Law J. 99. The contract in this case shows that the play as written was not considered satisfactory to the defendant; for it was to be altered by the plaintiff on the suggestion of the defendant, and to his satisfaction. The question to be decided involved a matter of art, taste, and fancy, in respect to which there might, perhaps, be a difference of opinion, but in respect to which the judgment of the defendant was to be controlling. In such a contract, the plaintiff is bound to show that the alterations were actually satisfactory to the defendant, and were accepted as such. As the court said in *McCarren* v. *McNulty*, 7 Gray, 139: "It may be that the plaintiff was injudicious in agreeing to work for a compensation, the payment of which was made dependent upon a contingency so hazardous or doubtful as the approval of the party in interest; but of that he was the sole judge. Against the consequences resulting from his own bargain the law can afford him no relief." See, also, *Aiken* v. *Hyde*, 99 Mass. 183; *Hunt* v. *Wyman*, 100 Mass. 198; *Brown* v. *Foster*, 113 Mass. 136; *Goodrich* v. *Van Nortwick*, 43 Ill. 445; *Heron* v. *Davis*, 3 Bosw. 336; *Barton* v. *Hermann*, 11 Abb. Pr. (N. S.) 378; *Hall* v. *Samson*, 19 How. Pr. 481; *Butler* v. *Tucker*, 24 Wend. 447; *Gibson* v. *Cranage*, 33 Amer. Rep. 353; *Morrison* v. *Berry*, 36 Amer. Rep. 446; *Creen* v. *Wright*, 18 Moak, Eng. R. 228, note; *Zaleski* v. *Clark*, 44 Conn. 218; *Tyler* v. *Ames*, 6 Lans. 280; *Gray* v. *Railroad Co.*, 11 Hun, 70; *Huggans* v. *Fryer*, 1 Lans. 276; *Chadwick* v. *Lamb*, 29 Barb. 518; *Rich* v. *Milk*, 20 Barb. 616; *Farrell* v. *Hildreth*, 38 Barb. 178. It is clear, therefore, that if the defendant's dissatisfaction was real, not feigned, honest, and not pretended, the plaintiff has not performed this condition of the contract,—a prerequisite the defendant had the right to require before he can be compelled to pay the last installment under the contract. It may, indeed, be a difficult task to write or alter a play to suit the ideas of an actor, who has

notions of his own as how it can best be adapted to his peculiar style of acting, that he may retain his popularity and win applause; but, if a playwright agrees to perform this task to the satisfaction of the actor, he assumes the risk of accomplishing the undertaking. The play written by the plaintiff has merit, and is, no doubt, worth all the defendant agreed to pay for it, but the court cannot compel him to accept it, under the contract in this case, when he swears that he is dissatisfied with it, and it is impossible for it to decide that his objections are pretended, and not real. For these reasons there must be judgment for the defendant.