(35 Misc. Rep. 129.)

### BRALL v. CLAUSEN.

(City Court of New York, General Term. May, 1901.)

CONTRACT OF EMPLOYMENT—DISCHARGE.
　　Where an employé is serving under a contract providing for his discharge should the employer "find" the employé "unfaithful or improper in the performance of his duties," the employer cannot arbitrarily discharge him.

Appeal from trial term.

Action by William H. Brall against William Clausen. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SCHUCHMAN and DELEHANTY, JJ.

Lamb & Voss (Daniel W. Guernsey, of counsel), for appellant.
William T. Matthies (Jerome Eisner, of counsel), for respondent.

SCHUCHMAN, J. This action was brought to recover from the defendant the sum of $1,950 as damages for an alleged wrongful discharge from employment, as salesman for the sale of picture

frames and other merchandise, under a contract in writing. The
contract was a hiring for the period of three years from August
15, 1898, at a weekly salary of $25. The contract of hiring, as well
as the discharge on January 20, 1899, is admitted. In regard to
the discharge, the defendant pleaded justification, in that the plain-
tiff refused to obey instructions, was uncivil and insolent to the
defendant and his customers, slept during business hours, sold goods
for higher prices than they were marked, wrongfully converted two
pictures to his own use, and did not properly measure pictures for
framing. The defendant maintained that he was justified in dis-
charging the plaintiff on the aforesaid grounds, by reason of the
following provisions contained in the written contract, to wit:

"(1) The aforesaid employment of the party of the second part by the
party of the first part is conditioned always upon the faithful and obedient
and proper performance of all duties pertaining to such position: pro-
vided, that should the party of the first part find the party of the second
part unfaithful or improper in the performance of his duty, or in any
manner inefficient therein, he shall have the right to terminate his em-
ployment upon service by due notice in writing. (2) The party of the second
part agrees to faithfully and properly perform all services and duties as
he may be called upon to perform by the party of the first part, and to
faithfully and properly discharge all duties pertaining to said business."

At the trial evidence was submitted by both parties in regard to
the faithful, proper, and efficient discharge of the plaintiff's duties
as salesman, and also in regard to his demerits in that respect. The
conflicting evidence in regard to the proper and faithful performance
of the plaintiff's duties was submitted to the jury by the trial judge,
in a charge to which no exception whatsoever was taken, the judge
stating:

"If you believe that during the plaintiff's employment he did not give
his proper and faithful attention to the business, and was not as obedient
as an employé should have been, or misconducted himself in any particular,
then you have a right to find for the defendant. On the other hand, if
you are satisfied that his conduct was proper, that he was faithful and
attended to all his business, it will then be your duty to render your verdict
in favor of the plaintiff."

The jury rendered a verdict for the plaintiff for $500. The defend-
ant claims that the verdict is an unjust one, and that he had a right,
under the provisions of the contract, to discharge the plaintiff at
any time, at his own volition, arbitrarily and capriciously, without
any cause whatsoever, whenever the plaintiff's services proved un-
satisfactory to his mind, and that no judicial tribunal could inter-
fere with his determination. And he relies upon the cases of Tyler
v. Ames, 6 Lans. 280; Spring v. Clock Co., 24 Hun, 175. In those
two cases, however, the provision of the contract was that the sales-
man "could fill the place satisfactorily,"—in other words, to the em-
ployer's satisfaction. In the case at bar, however, the contract,
reads, "should the party of the first part [the employer] find the
party of the second part [the employé] unfaithful or improper in the
performance of his duty, or in any manner inefficient therein, he
shall have the right to terminate his employment." We think the
true rule applicable to the construction of such a contract is that
if, for good and sufficient reason, the employer finds the employé

unfaithful, he may then discharge him; that that which the law will say a contracting party ought in reason to be satisfied with, that it will say he is satisfied with. Boiler Co. v. Garden, 101 N. Y. 387, 4 N. E. 749, 54 Am. Rep. 709; Smith v. Robson, 148 N. Y. 252, 42 N. E. 677. This latter rule seems to have been applied by the trial judge, and we find no error therein.

At the trial, when the plaintiff rested his part of the case, the defendant's attorney said, "We make the usual motion to dismiss," which was denied and an exception taken. This motion was not renewed at the end of the trial, and we maintain that the exception is not a good one.

Judgment and order appealed from affirmed, with costs.

DELEHANTY, J., concurs.

Judgment and order affirmed, with costs.