## APPELLATE JURISDICTION OF THE COMMON PLEAS.

Circuit Court of Cuyahoga County.

B. SCHATZINGER ET AL v. THE LAKE VIEW LAND & IMPROVEMENT COMPANY.

Decided, November 9, 1910.

*Appeal From Justice of the Peace to Common Pleas—Jurisdiction Where Judgment for More Than $300 is Asked—Waiver—Compliance With a Bond Put Sidewalk in Satisfactory Condition.*

1. Though the common pleas court is limited in its appellate jurisdiction to the amount ($300) for which a justice of the peace may enter judgment, yet if the parties proceed to trial upon the merits, without objection to the jurisdiction on the ground that judgment is prayed for more than $300, it is too late upon error to make such an objection.

2. Where a party signs a bond to repair certain sidewalks and *put them in good condition*, satisfactory to the other party, the bond is complied with if the walks are put in such good condition as a reasonable man, under like circumstances, would regard as satisfactory.

*Paul Kassulker*, for plaintiff in error.
*Frank Higley*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Error to the Court of Common Pleas.

This was an action originally brought in a justice court by the Lake View Land & Improvement Company against the plaintiffs in error to recover three hundred dollars, claimed to be due under a bond in the sum of five hundred dollars, conditional that plaintiffs in error should "repair and put in good condition satisfactory to said Lake View Land & Improvement Company" certain sidewalks mentioned in said bond. A further condition in the bond was to the effect that if said repairs were not finished to the satisfaction of said company any difference between the parties should be submitted to arbitration in the manner provided by the bond. Judgment was for the plaintiff in the justice court, whereupon the defendants appealed the

case to the common pleas court, wherein a petition was filed praying judgment in the sum of three hundred dollars, with interest from November 10, 1907, which was about the date of the judgment in the justice court. Pleadings being filed in the common pleas court the case went to trial there without objection as to the amount claimed in the petition, resulting in a verdict for the company in the sum of $331.20, an amount $2.40 less than $300 with interest from the time of the filing of the transcript for appeal to said court.

Motion for new trial being overruled, the cause has been removed to this court by proceedings in error and we are asked to review certain questions which are raised by the petition in error, which are as follows:

First. That the verdict is not sustained by sufficient evidence and is excessive.

We overrule this proposition because we find in the bill of exceptions evidence which might well warrant the jury in arriving at the conclusion which it came to.

Second. Misconduct of the jury, in that jurors repeatedly fell asleep, which fact being drawn to the attention of the court, and objection being made by both parties at various stages of the trial, resulted in no material improvement in the conduct of the jury in this respect.

We are unable to say that any prejudice resulted to plaintiffs in error by reason of such plain misconduct of members of the jury because the point was not properly saved by sufficient exceptions taken at the time.

Third. It is claimed that the common pleas court was without jurisdiction to render any judgment in the case, exceeding the sum of three hundred dollars, the law being that where a case is appealed from a justice of the peace to the court of common pleas the latter court is limited in its appellate jurisdiction to the amount for which the justice is authorized to enter judgment, which amount is $300.

This seems to be the holding of the Supreme Court in *Woolever* v. *Stewart*, 36 Ohio St., 146.

The answer to this is that plaintiffs in error did not save their point. They permitted the case to be tried without objec-

tion upon this score.    The Supreme Court has thus stated the law in the case of *Thomas* v. *Pennrich,* 28 Ohio St., 55:

"In a case of which the court of common pleas would not have had original jurisdiction, brought into that court by appeal from the justice of the peace, if the parties proceed to trial upon the merits, without objection to the mode in which jurisdiction was taken, it is too late upon error to make such an objection."

Later we find the same proposition re-stated in the third paragraph of the syllabus of *Crawford's case,* 68 Ohio State, 58, as follows:

"Where parties voluntarily, and without objection, submit their controversy to a court having jurisdiction of the subject-matter, and the cause proceeds therein regularly to trial and final judgment, they will be held to have waived their right to object to the jurisdiction of that court even though the cause may have been taken to it by appeal from an inferior court which had not jurisdiction of the subject-matter."

Fourth.    It is complained that certain requests to charge, preferred by the defendant below, before argument, were not given.

As these requests were not preferred in the manner required by the statute with regard to charges to be given before argument, there was no error in refusing to give them at that time.

Fifth.    It is said that the charge as given by the court is erroneous on the proposition that the work specified in the bond must be done to the satisfaction of the land company.

On this subject the court said:

"Where a party signs a bond to perform work to the satisfaction of the other party, in law a very high degree of performance is required, and under such bond as the one in question, the plaintiff had a right to refuse to accept as a full compliance with the terms of the bond any such repairs in the sidewalk as left defects in the sidewalk, providing only that the plaintiff in rejecting the sidewalk acted in good faith, was honestly dissatisfied with the same, and I say to you also if you find the plaintiff acted in good faith in rejecting such defective sidewalk it is immaterial that others might have been satisfied with the work performed by the defendants."

We think that this was not a proper application of the rules of law to the facts of this case.

Attention is again called to the wording of the bond, which is, that the walks were to be repaired and *put in good condition* satisfactory to the land company. We think that this agreement falls within the cases of operative fitness or mechanical utility and not those of fancy, taste or judgment, as set forth in 9 Cyc., 618. On this subject we concur with the opinion of Taft, J., in the case of *Elsas* v. *Meyer*, 21 Bull., 346-348, expressed as follows:

"Where a man agrees to furnish an article to the satisfaction of another without other qualification, the rule undoubtedly is that if such satisfaction does not appear, whatever the reason for its absence, the contract is not fulfilled. But where the expression is used in connection with other words of qualification, there a different rule applies. Now, at bar, all these things were to be modern and first class in every respect. If they come up to this description, the defendants ought to have been satisfied, and a mere whim can not be urged successfully as a defense. We follow in our views of the word 'satisfactory' in this contract, the case of *Doll* v. *Noble*, 18 Abbott New Cases, 45, where in an elaborate note all the cases are collated and distinguished."

Under the bond the jury should not have been confined to a determination merely of the good faith of the plaintiff below, or whether *it* was honestly dissatisfied with the repair work, but should have been instructed by the court that before finding for the plaintiff, it must first find that the walks were not put in such good condition as a reasonable man, under like circumstances, would regard as satisfactory. *Berthold* v. *St. Louis Elec. Con. Co.*, 165 Mo., 280.

For this error in the charge, the judgment is reversed and the cause remanded for a new trial.