## BRAND *v.* GODWIN.[1]

*(Common Pleas of New York City and County, General Term.*   February 3, 1890.)

1. CORPORATIONS—LIABILITY OF OFFICERS—FALSE REPORTS.

    Laws N. Y. 1875, c. 611, § 21, provides that an officer of a corporation organized under that act shall be liable for all the debts of the corporation contracted while he is an officer thereof, where a report signed by him is false in a material representation.  Section 18 requires an annual report to be filed, stating the amount of capital, and the proportion actually paid in, and the names of its then stockholders. *Held,* that a report containing the names of two persons as stockholders, and stating the amount of their stock as actually paid in, where in fact such persons are not stockholders at all, is "false in a material representation."

2. SAME—MISTAKE OF OFFICER.

    It is no defense to the statutory liability that defendant signed such report in good faith, under the advice of counsel, and believing its statement to be true.

3. SAME—WHO ARE OFFICERS.

    A director is an "officer," within the meaning of section 21, when read in connection with section 18, which requires that the annual report shall be signed by the president and a majority of the directors.

4. SAME—DEBTS—CONTRACT OF HIRING.

    The contract obligation to pay a singer, employed for a specified time by the corporation at a specified salary, is a "debt" of the corporation from the time the contract goes into effect, within the meaning of section 21.

5. SAME—EVIDENCE—JUDGMENT FOR WRONGFUL DISCHARGE.

    In an action to enforce the liability of an officer of the corporation under section 21, a judgment recovered against the corporation for wrongful discharge is neither conclusive nor *prima facie* evidence of the existence of a debt against the corporation.

6. CONTRACT—CONSTRUCTION—RIGHT TO ANNUL.

    The contract between an opera company and a singer provided that, "in the event either of incompetency or of such continued illness or decrease of physical or vocal qualities as to prevent one from doing service for a period of more than two weeks, the company may, in its discretion, cancel or annul the contract with the party in question, without being subjected to any claims for damages.  The vocal and musical directors shall be the sole judges of the fact and extent of the incompetency in applying this rule." *Held,* that the "incompetency" referred to was not a synonym for "unsatisfactory," and that a singer who had sung his parts acceptably, and had been paid his salary, without demur, for seven weeks, could not be discharged, unless actually incompetent.

Appeal from city court, general term.

Action by John E. Brand against Parke Godwin.   The decision of the general term of the city court, affirming the decision of the court below on the opinion of the trial judge, (3 N. Y. Supp.,) is not reported.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Nelson Smith,* for appellant.   *Isaac H. Falk,* for respondent.

LARREMORE, C. J.   The general term of the city court affirmed the judgment in plaintiff's favor, without feeling called upon to add anything to the very complete and satisfactory opinion delivered by the learned judge who tried the case without a jury.   I have examined such opinion, and think that it considers, and correctly disposes of, every question, both of law and fact.  The judge found as matter of fact, on sufficient evidence, that the report of the American Opera Company, signed by defendant, as a director, was false in material particulars.   As shown in such opinion, the defendant was clearly an officer of the company, within the meaning of section 21 of the act of 1875, and therefore severally liable for debts owed by it at the time of the filing of such false report.   The remedy against the corporation ᵢₐₛ been exhausted by judgment and execution, and the indebtedness established *de novo* in the present ₐₒₜᵢₒₙ.   The case, therefore, comes clearly within the statute.  Counsel for appellant claims that defendant's personal innocence of fraudulent intent—his ignorance as to the truth or falsity of the statements made in the

---

[1] Affirming 3 N. Y. Supp. 807.

report—should operate as a valid defense. The authorities cited on this point in his elaborate brief are, in the main, cases of a criminal, or *quasi* criminal, nature, such as prosecutions for the sale of noxious drugs, or impure milk, or oleomargarine, and the like. In all criminal proceedings, guilty intent is the very gist of the matter; and, naturally, all the proof and discussion relate directly or indirectly to this central question. But these authorities have no application here. The act of 1875 does not make an infringement of these provisions a misdemeanor. It grants a remedy by civil action. The purpose of the section under which this action was brought was to provide for the furnishing, by public records, of correct information as to the financial *status* of corporations. Its intent was, further, to put upon any person who assumed to sign a report as an officer the responsibility of ascertaining, at his peril, the truth or falsity of its contents, and to provide any individual who might be misled by false information so promulgated an indemnity for his loss, by action over against the fraudulent or negligent officers. The strictest and most literal construction could not obscure such legislative intent, and the case at bar is clearly an action of the class the framers of the section had in mind.

We think the learned judge correctly disposed of the defense set up under rule 6 of the contract between plaintiff and the corporation. A portion of such rule is as follows: "In the event either of incompetency, or of such continued illness or decrease of physical or vocal faculties as to prevent one from doing service for a period of more than two weeks, the company may, in its discretion, cancel or annul the contract with the party in question, without being subjected to any claims for damages. The vocal and musical directors shall be the sole judges of the fact and extent of the incompetency, in applying this rule." " 'Incompetent' is certainly not a synonym for ' unsatisfactory.' If the contract had provided that, in case plaintiff proved ' unsatisfactory,' he might be summarily dismissed, the company would have been justified in dispensing with his service at any time, for any cause, or no cause." *Glenny* v. *Lacy,* 1 N. Y. Supp. 513. But, where the reason given for the discharge is "incompetency," there must be something more than arbitrary caprice to authorize the act. One man may be more competent for a task than another, yet both may be competent. One vocalist may sing the baritone part of an opera better than another, yet neither be "incompetent." Webster illustrates the use of the word "incompetent" by the phrases "incompetency of a child for hard labor;" "incompetency of a lunatic for intellectual labor." In the sense suggested by such illustrations, the plaintiff was not "incompetent" at all. A lunatic is not at all able to perform intellectual labor. Plaintiff had sung his parts acceptably, and received his salary, without demur, for a period of seven weeks. This is undisputed, and, under such state of affairs, it was clearly right to hold that some allegation and proof of facts tending to show actual "incompetency" was required, in order to sustain the action of the board. Although the vocal and musical directors are by the rule made the sole judges of the fact and extent of the "incompetency," the court will nevertheless assert the right of reviewing their action, in the interests of justice, where no facts appear which tend to render the charge of "incompetency" plausible. They could not make plaintiff "incompetent" by agreeing to pronounce him so. All the circumstances point to an attempt, through an ambiguous clause in the instrument, to get rid of the employe, who was faithfully performing his contract, because it had become inconvenient to continue the payment of his wages. The above additional remarks are to be taken in connnection with the opinion of the trial judge, in the reasoning of which I concur. The judgment appealed from should be affirmed, with costs. All concur.