### JOHNSON *v.* BINDSELL.

*(Common Pleas of New York City and County, General Term. June 2, 1890.)*

CONTRACTS—PERFORMANCE—CONDITIONS.
Plaintiff agreed to give defendant lessons in a certain art every evening, till defendant had fully acquired it, and to receive therefor $25 on the first day of the lessons, and $25 each week for two other weeks, if the lessons should be satisfactory, and a final payment of the same amount when defendant was satisfied. Plaintiff gave ten lessons, receiving two payments, and then, on account of illness, discontinued the instructions, and never offered to resume them. *Held,* that he could not recover the last two payments, if plaintiff had not acquired the art from the instructions already given.

On motion for reargument, or for leave to go to court of appeals.

Action on contract by Moses M. Johnson against Herman F. Bindsell. Judgment for defendant. Plaintiff's motion for reargument or leave to go to court of appeals denied. For former report, see 8 N. Y. Supp. 485.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*A. Kahn,* for appellant.      *M. Stuyvesant,* for respondent.

PER CURIAM. This case was decided at the January general term of this court, and the judgment affirmed. The plaintiff's counsel now claims that, on the argument of this case, *Doll* v. *Noble*, 116 N. Y. 231, 22 N. E. Rep. 406, was not then reported, and consequently was not brought to the attention of the court, and that this case is decisive of the questions involved in this. We think not, for in this case the contract was as follows: "NEW YORK, January 8, 1889. I, Moses Johnson, agree to teach Herman F. Bindsell the art of draughting patterns by scale, and in every particular and branch of said art, lessons to be given 2½ hours each evening in the week, (Sundays excepted,) until said Herman F. Bindsell has acquired full knowledge of the art; for which I, Moses Johnson, am to receive payment as follows, viz.: Tuesday, Jan. 8, 1889, being the first evening instruction, $25.00; and, if the foregoing lessons are satisfactory to Herman F. Bindsell, I am to receive on Monday, Jan. 14, 1889, $25.00; the same amount on Monday, Jan. 21, 1889, if all is satisfactory; and a final payment of $25.00 when Mr. Herman F. Bindsell is satisfied." This contract evidently contemplates the giving of the lessons for four weeks if necessary, and at least until defendant had acquired full knowledge of the art to be taught, provided the defendant was satisfied with the manner in which the plaintiff performed the services to be rendered by him. The first and second payments were made, and suit was brought to recover the third and fourth installments. On the trial plaintiff admitted that the instructions were continued for 10 evenings only; and from the evidence it appears that they were then discontinued, not because of any act of the defendant, but by reason of the plaintiff's confinement at Mount Sinai Hospital on account of illness, and that he never thereafter offered to give further instructions. Defendant, on the trial, claimed that, by reason of such failure, the instructions which had already been given were useless to him, as he had not at that time acquired full knowledge of the art to be learned, and therefore could not use with advantage the instructions already imparted; he also claimed that he had not acquired proficiency in the art. The justice had a right to rely upon this testimony, and was justified in coming to the conclusion that he did. *Doll* v. *Noble*, 116 N. Y. 231, 22 N. E. Rep. 406, announced no new doctrine, but merely reaffirmed an old one, and applied it to the facts in that case, which related to an executed contract. Substantially the same rule had been announced and applied in *Smith* v. *Brady*, 17 N. Y. 176; *Thomas* v. *Fleury*, 26 N. Y. 26; *Wyckoff* v. *Meyers*, 44 N. Y. 145; *Nolan* v. *Whitney*, 88 N. Y. 648; *Whiteman* v. *Mayor*, 21 Hun, 121,—cases of executed contracts, in which a certificate was refused in bad faith or unreasonably, by the party who was to give it, or the refusal to pay was an arbitrary act after work performed. Of course such a rule applies with greater force where work is to be done to the satisfaction of the party himself, and where it has been done, than where the certificate of a third party is necessary. The satisfaction required in such case must be reasonable. The party for whom the work has been done cannot defeat a just claim for payment of work done by arbitrarily and unreasonably saying that he is not satisfied.

But the rule is different where a person is to work for another, or perform services for another, so long as such work or service proves satisfactory to the employer. In such case, so long as the employe performs services for the employer, he must be paid for it; but, if he or his work is not satisfactory to his employer, he may at any time discharge him without subjecting himself to further claim, and in such case the employe loses nothing, for the reason that he has performed no services, and has entered into a contract in which there is an implied condition that it may be discontinued at any time whenever the employer becomes dissatisfied with him or his work. And this, we think, was the doctrine which was intended to be announced in the opinion given in this case on the former argument, although some of the expressions therein contained may leave it in doubt whether it was intended to apply to an exec-

utory contract only, or to an executed contract as well. The motion for a reargument or for leave to go to the court of appeals should therefore be denied.