### WEAVER v. KLAW et al.

*(City Court of New York, General Term. December 29, 1891.)*

MASTER AND SERVANT—DISCHARGE OF ACTRESS—CONDITIONAL EMPLOYMENT.

In an action by an actress against managers on an alleged contract of employment, the court charged the jury that, if they should find that plaintiff was to give a "satisfactory performance" for the purpose of ascertaining whether defendants should engage her at a specified salary, and should further find that plaintiff was not competent to fill the part assigned her, and that defendants informed her of the fact, they were not liable. *Held* error, as the question of plaintiff's competency was not at issue.

Appeal from trial term.

Action by Blanche Weaver against Marc Klaw and Abraham L. Erlanger. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS and McCARTHY, JJ.

*M. L. Erlanger*, for appellants.  *Howe & Hummel*, for respondent.

McCARTHY, J. This is an appeal from a judgment for $699.04 in favor of plaintiff, entered on a verdict, and also from an order denying a motion for a new trial. The action was brought to recover the sum of $1,500 on an alleged contract claimed to have been made October 12, 1889, whereby the defendants are alleged to have employed plaintiff as an actress in one of their companies for the period of 23 weeks at $50 per week, to commence October 18, 1889. The answer is a general denial. On the issues so raised the action was tried before Mr. Justice VAN WYCK and a jury of six men. The plaintiff was her sole and only witness in support of her demand. She testified, in substance, that she was employed on October 12th for 23 weeks, at the rate of $50 per week; that she attended several rehearsals, and on Friday evening, October 18, 1889, she gave a performance, immediately after which she was told her services were no longer wanted. The defendants, on their part, claimed that, plaintiff having refused to sign a contract containing a two weeks' clause, which reserved the right to either party to terminate the contract on two weeks' notice, they declined to employ her; that she thereupon volunteered to give a trial performance; that she was told if her trial performance was satisfactory the subject of her engagement would be discussed later; that on October 18th she gave a performance, which was unsatisfactory, and she was told that she was unfitted for the part. Both defendants testified to that effect, as well as a third person, who was present at the conversation, and who was in no manner interested in the result. The jury found for the plaintiff. The appeal brings up for review the facts of the case, and raises various questions of law on the exceptions taken during the trial. These exceptions are of five kinds: (*a*) The one directed to the refusal of the court to direct a verdict for the defendants; (*b*) those to the admission of improper evidence; (*c*) those to the exclusion of proper evidence; (*d*) those to the charge of the court and refusal to charge; (*e*) the one directed to the refusal of the court to grant the motion for a new trial. At the end of the trial the judge was re-

·quested by the defendants' attorney to charge the jury: "*Second*. If the jury shall find from the testimony that plaintiff undertook to give a satisfactory performance of the part which she played on the evening on the 18th of October, 1889, defendants could terminate employment at their pleasure, without assigning any reason therefor. *The Court*. You mean for the purpose of entering into the contract? *Defendants' Attorney*. Yes. *The Court*. I so charge. I charge the jury that, if they should find that the contract made by Miss Weaver and the defendants was that she was to give a satisfactory performance for the purpose of ascertaining whether they should enter into a contract for her engagement for a season of 23 weeks at $50 per week; that, if the jury find she was not competent.to fill the part assigned her, and that they informed her of that fact,—they would not be liable. *Defendants' Attorney*. I except to that part of your charge in which you used the word 'competent,' and I ask you to charge in the language of my second request. *The Court*. I charge as modified. *Defendants' Attorney*. I except." This modification of the second request was error. The question of incompetency was not at issue. Where a person is to work for another, or to perform services for another, so long as such work or services prove satisfactory to the employer, the question of competency is not material. If her or his work is not satisfactory to the employer, and particularly when it is a matter of taste, fancy, or judgment, he may at any time discharge him, without subjecting himself to further claim. *Johnson* v. *Bindsell*, (Com. Pl. N. Y.) 10 N. Y. Supp. 321. Where one party agrees to do a thing to the satisfaction of the other, and the excellence of the work is a matter of taste,—such, for instance, as a portrait, bust, suit of clothes, dramatic play,—the employer may reject it without assigning any reason for his dissatisfaction. *Gray* v. *Bank*, (City Ct. N.-Y.) Id. 5; *Glenny* v. *Lacy*, (City Ct. N. Y.) 1 N. Y. Supp. 513; .*Peverly* v. *Poole*, 19 Abb. N. C. 271, note. The defendant was entitled to have this question properly submitted to the jury. Without passing upon any of the other questions involved, we think this was sufficient error, and for which the judgment should be reversed, and new trial granted, with costs to the appellants to abide the event. All concur.