JAMES H. FERGUSON AND OTHERS, RESPONDENTS, *v.* GEORGE H. GILL, APPELLANT.

*Corporations — a false certificate — liability of the trustees — evidence — notes given after the filing of the report, in renewal of a prior debt — scienter — survivors of a partnership.*

In an action, under section 15 of chapter 40 of the Laws of 1848, the general manufacturing act, to enforce against a trustee the liability fixed by statute as the penalty for signing a false certificate, the plaintiffs, judgment-creditors of a corporation, alleged that a patent-right, for which all the stock of the company was issued, was, to the defendant's knowledge, worthless.

The defendant offered to show what took place at a consultation between the parties interested in the patent as to its value, which the trial court refused to allow him to do.

*Held*, that this evidence was improperly excluded.

That it was competent upon the question of scienter.

That the defendant should have been allowed to contradict proof made by the plaintiffs that no work had been done under the patent.

That where a liability had been contracted before the certificate in question was filed, but renewal notes therefor had been given after the filing, the liability came within the statute.

That whether the creditors knew that a certificate was false was unimportant, as the statutory liability arose from the fact of its falsity, and not from the fact that the creditor relied upon it.

The original creditors were a firm of whom one, at the time of the commencement of the action, had died.

*Held*, that the survivors held the legal title and were authorized to enforce the penalty created by the statute.

Appeal by the defendant George H. Gill from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 24th day of October, 1891, upon a verdict for the plaintiff for $3,414.94 after a trial at the New York Circuit before the court and a jury; and also from an order denying defendant's motion for a new trial, entered in said clerk's office on the 18th day of November, 1891.

*C. G. Rushmore*, for the appellant.

*B. Estes*, for the respondents.

Van Brunt, P. J.:

This action was brought to enforce an alleged liability of the defendant for certain debts of a corporation, organized under the manufacturing act, upon the ground that the defendant, being a trustee of the corporation, joined in the making and filing of a false certificate that the capital stock of said company had all been paid in.

Without considering in detail the facts developed upon the trial, it will only be necessary to refer to them in a general way to illustrate the questions which have been raised upon this appeal.

The statute under which the liability is claimed to arise reads as follows:

"If any certificate or report made, or public notice given by the officers of any such company, in pursuance of the provisions of this act, shall be false in any material representation, all the officers who shall have signed the same knowing it to be false, shall be jointly and severally liable for all the debts of the company contracted while they are stockholders or officers thereof."

The capital stock of the corporation in question having been issued ostensibly in payment for a patent, a certificate of paid-up stock was filed, signed by the defendant and others; and it is claimed by the plaintiff that the patent in question was substantially worthless, to the knowledge of the defendant, and that, therefore, the certificate was false.

The plaintiff offered evidence tending to show that the patent had belonged to a previous corporation and was sold by the receiver for a very small sum of money ; and it appeared from the minutes of the corporation that, on the 5th of April, 1886, the purchaser from the receiver presented a bill of sale of the patent which was purchased by the company, of which the defendant was trustee, for the sum of one dollar. And it further appeared that, by resolution, the value of the patent was fixed at $100,000, and 1,000 shares of stock of the par value of $100 were issued, partly to the seller and partly to other persons. On the 24th of May, 1886, it further appeared the said seller made a proposition to sell and assign to the company in question said patent for 1,000 shares of the capital stock of the company, which offer was accepted by the company, and the stock issued to the seller, who subsequently distributed the stock in various ways.

The plaintiff further offered evidence tending to show that the patent in question was worthless.

Upon the part of the defendant, testimony was offered, going to show a consultation had between the parties interested in this patent as to its value, which testimony was excluded and an exception taken. Evidence was also offered that certain work had been done under the patent, which was also excluded.

This, we think, was error. The question involved was as to the knowledge of the want of value of the letters-patent, and any communications which had been made to the defendant upon that subject were competent upon the question of *scienter*. And in respect to the question as to work done, that evidence was offered to directly contradict evidence which had been given upon the part of the plaintiff to the effect that no work had been done under the patent; clearly within the issue and proper to be submitted to the jury upon the question of value.

It is further urged, upon the part of the defendant, that the indebtedness sued upon was not contracted subsequent to the filing of the certificate in question. But even if the original inception of the debt was prior to that time, it appears that there were various renewal notes given by which the debt was extended, and such renewal notes were given after the filing of the certificate, which brings the claim distinctly within the terms of the statute.

It is further urged that the plaintiffs are estopped from taking advantage of the act of the defendant in filing the certificate of fully paid stock, because they knew the value of these letters-patent, and that the stock of the company was issued for the letters-patent in question, and that, therefore, they could not have been deceived by the false statements contained in the certificate.

This claim upon the part of the defendant rests upon the erroneous theory that reliance upon the certificate is necessary to be shown by the creditor before a recovery can be had. This is importing into the statute a provision which it does not contain. It is entirely immaterial whether the creditor relies upon the certificate or not. As long as the trustee knows the certificate to be false, and the debt is thereafter contracted while he is an officer of the company, it comes within the provisions of the statute.

It is further urged that the plaintiffs, not being the original creditors of the company, but having obtained whatever title they have to the claim by assignment or legal devolution, they cannot enforce the penalty provided by statute.

We are unable to see the force of this objection. The plaintiffs and each of them have always been the owners of the claim in question. They were partners with Henry Lovejoy, and the firm composed of those three members were the owners of the claim. The death of Lovejoy in no way affected the title of the surviving partners to the claim. As soon as his title dropped out, that of the surviving partners remained the same as it was before his death. Each partner is the owner of the whole of the copartnership assets, and can sell the same and give a good title thereto. Consequently, by the death of Lovejoy there was no devolution of title upon his surviving partners.

Because of the errors in the exclusion of evidence heretofore mentioned, it is necessary that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the final event.

Andrews, J., concurred; O'Brien, J., concurred in the result.

Judgment reversed and new trial ordered, with costs to appellant to abide final event.