### Young *v.* Godwin.

*(Common Pleas of New York City and County, General Term.* June 27, 1892.)

CORPORATIONS—LIABILITY OF OFFICERS—FALSE STATEMENT—EXISTING CREDITORS.

Laws 1875, c. 611, § 21, which provides that the officers of a corporation signing a false report of its condition shall be liable "for all the debts of the corporation contracted while they are officers thereof," has no application to debts in existence at the time of signing and filing the report. *Torbett* v. *Godwin*, (Sup.) 17 N. Y. Supp. 46, followed.

Appeal from city court, general term.

Action by Alfred W. Young against Parke Godwin to enforce the liability of defendant for signing a false statement of the condition of a stock company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF, J.

*Nelson Smith*, for appellant.    *Wm. W. Badger*, for respondent.

BISCHOFF, J. Plaintiff, an opera singer, on July 1, 1886, entered into a contract for the employment of his services as such for the period of 25 weeks, commencing November 15, 1886, with the American Opera Company, Limited,

a corporation organized under chapter 611 of the Laws of the state of New York of 1875. On December 11, 1886, the American Opera Company, Limited, wrongfully discharged plaintiff from such employment, and refused to perform the contract on its part, for which, in an action instituted for that purpose in the city court of New York, plaintiff, on February 11, 1887, recovered a judgment for $663.24 damages. On January 20, 1887, the directors of the American Opera Company, Limited, among others, the defendant, signed and caused to be filed the annual report required by section 18 of the act above referred to in the office of the secretary of state. This report was incorrect, in that it alleged certain persons to be stockholders who were not such in fact, and in that it stated the amount of capital stock actually paid in to be $148,600, when in truth it was but $140,000, and in other respects, all of which were held to be material misrepresentations, within the meaning of section 21, c. 611, Laws 1875, by the general term of this court in *Brand* v. *Godwin*, reported in 8 N. Y. Supp. 339, and 9 N. Y. Supp. 743. Thereafter plaintiff brought this action in the city court of New York to charge the defendant with the amount of the damages which had accrued to him from the company's breach of contract under said section 21, which provided that, "if any certificate or report made, or public notice given, by the officers of any such corporation, shall be false in any material representation, all the officers who shall have signed the same shall be jointly and severally liable for all the debts of the corporation contracted while they are officers thereof." On the trial of this action plaintiff established the contract of employment, its breach by the American Opera Company, Limited, the amount of damages sustained by him, the signing and filing of the annual report, and its falsity in the particulars already mentioned, by sufficient evidence, and then rested, and thereupon defendant moved the dismissal of the complaint upon the ground that no cause of action against him had been shown. This motion was denied, and a verdict directed for the plaintiff, from the judgment entered on which defendant appealed to the general term of the court below, where it was affirmed, and from the judgment of affirmance an appeal was taken to this court. On the argument of the appeal it was, among other things, urged by the learned counsel for the appellant as ground for reversal that the proper construction of section 21, c. 611, Laws 1875, rendered it applicable only to debts contracted by the corporation subsequently to the signing and filing of the alleged false report, and that, as it appeared upon the trial that the debt due the plaintiff was incurred before the report was signed and filed, the facts did not entitle plaintiff to recover, and, hence, that the complaint ought to have been dismissed. If the construction contended for is correct, no good can result from a discussion of the other questions raised on this appeal, since a reversal of the judgment will be imperative upon us. The precise question was before the general term of the supreme court in the first department in *Torbett* v. *Godwin*, reported in 17 N. Y. Supp. 46, since the trial of this action, and does not appear to have been heretofore presented. In the case cited Mr. Justice BARRETT, in a learned and elaborate opinion, concurred in by his associates, Justices VAN BRUNT and DANIELS, reaches the conclusion that the highly penal character of the statute requires its operation to be confined within the strictest construction; that its language is incapable of including by implication debts contracted before the alleged false report was signed and filed; that it was the intention of the legislature to visit upon the delinquent officers of a corporation for the making and filing of a report which contains material misrepresentations no greater penalty than such as is measured by the debts of the corporation thereafter contracted; and that creditors who were such before the filing of the report, and could not possibly have been induced to extend their credit in reliance upon its statements, cannot avail themselves of the liability imposed upon the officers, because one or more of the material statements of the report are incorrect. Counsel for respondent

refers us to the opinion of the supreme court in *Ferguson* v. *Gill,* 19 N. Y. Supp. 149, (Gen. Term, 1st Dep., May, 1892,) with the claim that the views expressed in *Torbett* v. *Godwin* are thereby modified, but the following language of Mr. Justice VAN BRUNT, concurred in by Justices O'BRIEN and ANDREWS, we must regard as an emphatic affirmation of the construction adopted by the former general term: "As long as the trustee knows the certificate to be false, and the debt is thereafter contracted while he is an officer of the company, it comes within the provisions of the statute." We concur in the conclusions of the supreme court in *Torbett* v. *Godwin,* for the reasons stated in the opinion, and it follows that the judgment must be reversed.

Judgment of the general and trial terms of the city court reversed, and new trial ordered, with costs to the appellant to abide the event.