(6 Misc. Rep. 637.)

### GLYN v. MINER.

(Common Pleas of New York City and County, General Term. January 4. 1894.)

MASTER AND SERVANT—RIGHT TO DISCHARGE.

    A contract of employment which provides that, if the services are not "deemed satisfactory" by the employer, he may terminate the contract on one week's notice, authorizes the dismissal of the employe at pleasure.

Appeal from trial term.

Action by Charles A. Glyn against Julia Miner for breach of a contract of employment, which provided, among other things, "that it is further understood and agreed that, should said services not be deemed satisfactory by said party of the first part, [the employer,] this agreement can be terminated by said party of the first part giving one week's notice of her intention so to do, and that from and after the expiration of the said week this agreement shall be at an end, and the parties released from the obligations thereof." From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

T. N. Melvin, for appellant.

Howe & Hummel, for respondent.

PER CURIAM. The language of the contract is equivalent to a stipulation that the employer might dismiss the plaintiff at pleasure. It provides that he may do so when he deems the service not satisfactory; the tenure of the employment, therefore, depending solely upon his opinion or judgment, for which the opinion or judgment of the court or jury cannot be substituted, as the question involved is not one of performance, but of the employer's appreciation or estimate of the manner of performance. The relations of master and servant are private, confidential, intimate, and personal.

The death of the master terminates the contract. The services of the servant are not assignable; and this has been held with regard to all employes, no matter what the grade of service. The decision of the trial judge is in conformity with the case of Tyler v. Ames, 6 Lans. 280, and in at least two cases in this court. Brand v. Godwin, 8 N. Y. Supp. 339, 9 N. Y. Supp. 743; Johnson v. Bindseil, 10 N. Y. Supp. 321. One of our cases—Hydecker v. Williams, (Com. Pl. N. Y.) 18 N. Y. Supp. 586—is cited by appellant as holding the contrary; but the language of the contract there was that the employe might be discharged if the duties were not "satisfactorily" performed. We held that it was a question for the jury whether they were satisfactorily performed or not, for the language means that they were to be performed so as to satisfy the requirements of the contract, and that was a question which the jury could decide as well as the master. But here we have a stipulation that the party is to perform the duties of his position so as to be deemed satisfactory by the employer, and we find in that an equivalent to the agreement that his engagement is dependent upon his service being personally agreeable to his employer. The appellant urges that a discharge under such a covenant would leave the servant open to some imputation if the employer need give no reason for it. But is that so? As his engagement is terminable at pleasure, and not for breach of duty, no inference of misconduct arises from his discharge. Judgment affirmed.