FLORENCE CAFFERTY, Respondent, *v.* DANIEL J. KELLY, Defendant, Impleaded with SOUTHERN TIER PUBLISHING COMPANY, Appellant.

Third Department, November 14, 1917.

**Libel — publication charging school teacher with incompetence — defense — allegation as to temperamental disqualifications — demurrer.**

A publication in reference to a school teacher, in her capacity as such, stating that she was refused a reappointment because of incompetence charged against her by the superintendent of the schools in which she was employed, if false, is libelous *per se*, and where the issue as to the truth or falsity of the statement is raised by denials in the answer, allegations in an alleged defense, that " the words set forth in the complaint and therein alleged to have been published by the defendant were and are true; that the plaintiff is a woman with a vexatious and perverse temper and in her employment * * * spitefully and abusedly ill-treated teachers * * *; that by reason thereof as well as by reason of her perverse temperament she was and is incompetent to continue in her said employment * * *," are not as broad as the matter charged to be libelous and a demurrer thereto should be sustained.

KELLOGG, P. J., and LYON, J., dissented.

APPEAL by the defendant, Southern Tier Publishing Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 10th day of April, 1917, sustaining a demurrer to a separate defense contained in the appellant's answer.

*Hinman, Howard & Kattell* [*Frank L. Wooster* of counsel], for the appellant.

*Merchant, Waite & Waite,* for the respondent.

WOODWARD, J.:

This is an action for libel. It is conceded that the defendant here involved published of and concerning the plaintiff: " Public School Teachers' List is Announced. Miss Florence Cafferty, charged with * * * incompetence by Superintendent Kelly, is another of those not appointed." The complaint alleges that " the matter contained in the said article as above set forth is false and defamatory in its entire purport,

intent and meaning," and proceeds to set out what the pleader regards as the import of the article in so far as it relates to the plaintiff.

The appealing defendant sets up as " a third and as a separate and further answer and defense," on information and belief, that " the words set forth in the complaint and therein alleged to have been published by the defendant were and are true; that the plaintiff a woman with a vexatious and perverse temper and in her employment as supervisor of music in the schools of the city of Binghamton spitefully and abusively ill-treated teachers who were required to work under her direction as well as other teachers who were associated with her in the work of teaching in the schools of said city; that in her said employment she wilfully antagonized the principal of the high school, under whose direction she was required to work while in said high school and wilfully inconvenienced said principal and other teachers in said high school and wilfully and systematically caused and attempted to cause dissension among the teaching force of the schools of said city of Binghamton; that the plaintiff's said acts tended to injure the schools of said city and did injure them and that by reason thereof as well as by reason of her perverse temperament she was and is incompetent to continue in her said employment and because of such incompetence was not reappointed at the expiration of her contract with the Board of Education of said city of Binghamton at the close of the school year for 1915–1916."

This alleged defense was demurred to, and the learned court at Trial and Special Term has sustained the demurrer, appeal coming to this court.

We are given much of scholarly discussion upon the functions of the innuendo, but that does not appear to reach to the merits of this appeal. We are of the opinion that the language used needs no aid from an innuendo. It is used in reference to a school teacher in her capacity as a teacher, and to publish of a school teacher that she was refused a reappointment because of incompetence charged against her by the superintendent of the schools in which she was employed, if false, is clearly libelous *per se.* (*Trimmer* v. *Hiscock*, 27 Hun, 364; *Fry* v. *Bennett*, 28 N. Y. 324, 327; *Williams* v. *New York*

*Herald Co.*, 165 App. Div. 529, 533.) The allegations of the complaint, showing that the plaintiff is a specially educated school teacher; that she had been earning her livelihood for many years in such capacity, went to the cause of action. To say of an individual generally that he was incompetent might or might not be libelous *per se*, but to say that he was incompetent in respect to his trade, business or profession, in which he was earning a livelihood, brings it within the rule suggested above and supported by a long line of authorities, and the matter referred to as constituting innuendo might all be struck out of the complaint without weakening its effect as a statement of a cause of action. The definitions of incompetency which have been laid down by the courts in actions of negligence have no bearing here; the charge contained in the article complained of is that the plaintiff, a school teacher, had been denied re-employment because of the alleged fact that Superintendent Kelly had charged her with being incompetent. The issue to be tried is whether that statement is true or false, and this is raised by the denials of the defendant contained in the first paragraph of the answer, and is not involved in the declaration of the third paragraph that the " words set forth in the complaint and therein alleged to have been published by the defendant were and are true." (*Bingham* v. *Gaynor*, 203 N. Y. 27.) The other matters set forth are clearly not as broad as the matter charged as libelous. That is a broad allegation of incompetency as a teacher in which the plaintiff has for years been earning a livelihood; no one could misunderstand the inference to be drawn; the board of education had refused to re-employ her because of her alleged incompetency, this being asserted by Superintendent Kelly, presumably the superintendent of the schools. It obviously had no relation to any alleged perverseness on the part of the plaintiff; it related to her capacity as a school teacher in the particular branch in which she had fitted herself, and upon which she relied for a livelihood. The mere fact that she may have been disagreeable to work with, or that she might have been mischievous in her relations to the school, does not render her incompetent; it may be merely a temporary condition, confined in its operations to a school management which may tend to the development of

these alleged perverse tendencies.    At least, all of the allegations of this alleged defense relate to the alleged conduct of the plaintiff in her relations with the schools of Binghamton, and do not cover the scope necessarily involved in the matter involved in the publication.

The interlocutory judgment should be affirmed, with costs.

All concurred, except LYON, J., who dissented on the ground that the expression " incompetence " is not necessarily limited to lack of education, but may properly be applied to temperamental .disqualifications; and, hence, the third defense was sufficient; KELLOGG, P. J., concurred with LYON, J.

Interlocutory judgment affirmed, with costs.