FLORENCE CAFFERTY, Respondent, *v.* SOUTHERN TIER PUBLISHING COMPANY, Appellant.

Third Department, January 8, 1919.

Libel — publication charging school teacher with incompetency — evidence — mitigation or justification — privileged publication as to meeting of school board.

Where, in an action for libel, it appeared that the defendant published a statement that the plaintiff, a school teacher, had been charged with incompetency by the superintendent of schools and had not been reappointed, but the undisputed evidence showed that no charges were made against her either for incompetency or for any alleged misconduct, the offer of the defendant to show that the plaintiff was insubordinate to the high school principal or that she refused to be governed by him in the discharge of her duties was irrelevant; it in no wise tended to establish that she was charged by the superintendent with incompetency.

To falsely publish that a woman of years of experience had been charged with incompetency by her superior in a city school system is not mitigated or justified by showing that she had invited the ill-will of some members of the faculty to an extent which made her unsatisfactory to the board of education.

Although a publishing company has a right to tell what actually occurred at the meeting of a board of education where it publishes a story

that a teacher has been charged with incompetency by the superintendent, which statement is without foundation in fact, it invades her rights.

JOHN M. KELLOGG, P. J., and LYON, J., dissented.

APPEAL by the defendant, Southern Tier Publishing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 13th day of June, 1918, upon the verdict of a jury for $1,600, and also from an order entered in said clerk's office on the 17th day of June, 1918, denying defendant's motion for a new trial made upon the minutes.

*Hinman, Howard & Kattell* [*Harvey D. Hinman* of counsel], for the appellant.

*Merchant, Waite & Waite,* for the respondent.

WOODWARD, J.:

This case, under the name of *Cafferty* v. *Kelly,* was before this court on demurrer to an alleged justification (180 App. Div. 45) and we there held that the justification was not as broad as the libel, and the demurrer was sustained. This feature of the case has been appealed to the Court of Appeals. The case came on for trial upon the pleadings as modified by the demurrer, resulting in a verdict of $1,600, and the defendant, the Southern Tier Publishing Company, now the sole defendant, appeals to this court.

It is urged on the part of the defendant that " the court erred in excluding evidence of acts and conduct which tended to substantiate the charge that the plaintiff had conducted herself with insubordination to Mr. Boshart, the principal of the high school," but as this question was not in issue between the parties we are unable to discover wherein error lies. The matter complained of was the published statement: " Public School Teachers' List is Announced. * * * Miss Florence Cafferty, Supervisor of Music, charged with * * * incompetency by Superintendent Kelly, is another of those not appointed." The defendant was permitted to place the entire article in evidence, and to show exactly what occurred at the meeting of the school board, of which the article in question purported to be a report, and it affirmatively appeared

that the name of Miss Cafferty was not mentioned in the minutes of the meeting. She had been a teacher in the Binghamton schools for several years, and when her name did not appear on the list of those recommended for re-employment the question was asked why she was not on the list and one of the members of the board replied that she had been insubordinate toward Mr. Boshart, principal in the high school, and had interfered in the matter of a concert, but there was no allegation that she was incompetent, either by Superintendent Kelly or any one else. Of course, if the defendant had published what one of the members of the board said in reference to the matter it would not have been libelous; that would have been simply a story of a public meeting truthfully narrated. What the plaintiff complained of was that she was held up to the public as having been charged with incompetency by the superintendent of the Binghamton schools, where she had been employed for several years, and that because of such charge she had been dropped from the list of teachers. The undisputed evidence is that no charges were made against her, either for incompetency or for any alleged misconduct. What did occur was that one member of the board of education explained that she had been guilty of certain alleged acts of insubordination, and that she had created discord and sowed dissension among the teaching force, and no complaint is made as to these matters. The offer of the defendant to show that the plaintiff was insubordinate to Mr. Boshart, or that she refused to be governed by him in the discharge of her duties, was entirely irrelevant to any issue in this case; it in no wise tended to establish that she was charged by Superintendent Kelly with incompetency as a teacher, and this was the only justification which could be made in this case. " ' Incompetent ' is certainly not a synonym for ' unsatisfactory.' " (*Brand* v. *Godwin*, 8 N. Y. Supp. 339.) She may have been unsatisfactory; she may have made things unpleasant for Mr. Boshart, and may even have been *persona non grata* to Superintendent Kelly, but the fact that she had for several years discharged the duties of her position, and had been recommended from time to time for reappointment, would require some evidence to justify her discharge from the position she held in an action upon the contract (*Brand* v.

*Godwin, supra*), and we think the defendant has been deprived of no right in this case.  To falsely publish that a woman of years of experience had been charged with incompetency by her superior in the school system of an important city is not mitigated or justified by showing that she had invited the ill-will of some members of the faculty to an extent which made her unsatisfactory to the board of education.

Besides, it does not appear that any of these things were known to the defendant at the time of the publication, or that it relied upon any such facts in making the publication. It had a perfect right to tell what actually occurred at the meeting of the board of education, however unpleasant this might have been to the plaintiff; but when it published a story that the plaintiff had been charged with incompetency by the superintendent of the school system, which statement is without the slightest foundation in fact, it invaded her rights, and the jury was entirely justified by the evidence in the verdict which it has rendered.

The judgment and order appealed from should be affirmed, with costs.

All concurred, except JOHN M. KELLOGG, P. J., and LYON, J., dissenting.

Judgment and order affirmed, with costs.