## JESSE B. EVANS, Plaintiff in error,

### *vs.*

## STEPHEN O. BENNETT, Defendant in error.

ERROR TO LA FAYETTE CIRCUIT COURT.

When a cause is tried in the circuit court, without the intervention of a jury the finding of the court as to the facts will be held equivalent to the verdict of a jury.

When the evidence is conflicting, this court will not interfere with the finding of the court below upon the weight of evidence.

When one party agrees to work for another at a certain rate of wages per month, and either party is at liberty to put an end to the agreement at any time, the servant is entitled to recover at the stipulated rate for the time he serves, though he quits upon his own motion.

This was an action commenced before a justice of the peace to recover for three and a half months' wages for work and labor at the rate of $14.00 per month. The plaintiff recovered $49.00 damages and costs, and the defendant appealed to the circuit court.

On the trial in the circuit court the plaintiff proved the service rendered and the agreement between the parties substantially as set forth in the opinion of the court. The evidence was somewhat conflicting, but the facts found by the circuit court are substantially as stated.

*Knowlton & Higbee,* for the plaintiff in error.

*Charles Dunn,* for the defendant in error.

*By the Court,* Cole, J.   It is contended by the counsel for
the plaintiff in error in this case, that where there has been an
entire executory contract, and one party has performed a part
of it, and then wilfully refuses, without legal excuse, and
against the other party's consent, to perform the rest, he can
recover nothing on the contract, either in special or general
assumpsit, as performance in the manner stipulated is a con-
dition precedent to the compensation becoming due.   It does
not become necessary, however, to examine the correctness of
this proposition of law in this case.   This cause was tried by
the circuit court without the intervention of a jury, and we
presume the circuit court was satisfied from the evidence that
the agreement between the parties was that Bennett, was to
work for Evans for six or eight months at fourteen dollars a
month, unless either party should choose to put an end to the
employment before the expiration of that period, but that
either party might, on becoming dissatisfied, terminate the
service at any time.   There was testimony in the case which
went to show that such was the contract between the parties,
and if the circuit court took that view of it, judgment was
very properly given for the defendant in error.   The testimo-
ny of the witness Ludlow was "that the plaintiff (the defend-
ant in error) was to work at fourteen dollars per month; that
the contract was made in his presence on the second day of
last April; that no particular time was fixed that the plaintiff
was to work; that the agreement was that the plaintiff was
to work for the defendant at fourteen dollars per month, six
or eight months, unless the plaintiff and defendant, or one or
other, got dissatisfied; and that if they disagreed, or either of
them was dissatisfied, that then the plaintiff was to quit; that
the defendant said at the time of making the agreement, that
he would not hire a man to work for him if they could not

agree, or either was dissatisfied ; that when that was the case he would pay them off and let them go."

Bennett wrought then three and a half months, and then quit, as he was at liberty to do if this was the contract. He had agreed to work only so long as he was satisfied with his employer, or his employer should be satisfied ; with him, but when either was dissatisfied he was to quit, and was to be paid for the time of service at the rate of fourteen dollars a month. Probably the circuit court came to the conclusion from the whole evidence in the case that this was the contract between the parties, and consequently permitted the defendant in error to recover for the services rendered. We are not prepared to say that the proof did not sustain this view of the case, and therefore must affirm the judgment of the court below.