## John P. Clark v. Delos E. Rice.

*Contract of purchase—Warranty—Refusal of instructions.*

A contract for a machine if it is "satisfactory or does what is claimed for it" is binding if the machine meets the warranty, whether the purchaser is satisfied or not.

The refusal of a charge is not error where it is substantially given in an instruction of greater scope and more favorable to the plaintiff in error.

Error to Wayne. Submitted June 15. Decided June 22.

Assumpsit. Defendant brings error. Affirmed.

*R. A. Parker* for plaintiff in error. A contract to pay for an article if the purchaser is satisfied with it leaves it with the latter to decide whether he is suited: *Gibson v. Cranage* 39 Mich. 49; *Brown v. Foster* 113 Mass. 136; *Tyler v. Ames* 6 Lans. 280; *McCarren v. McNulty* 7 Gray 139.

*Griffin, Dickinson, Thurber & Hosmer* for defendant in error.

Campbell, J. The controversy in this case arises out of a claim for a patent heater, which was sold to Clark on a contract which contained this provision: "If on trial of 30 days the machine is satisfactory, or does what is claimed for it, will pay 15 dollars per inch diameter of my engine. The machine to be your property until paid for according to agreement as follows: Cash $210, four months from attaching." This clause gave rise to the dispute.

There is a great deal of evidence on both sides and quite contradictory, but no complaint is made of admission or rejection. The case is brought up on the charges.

It is first claimed that under this contract Clark could reject the heater if not satisfactory to him, whether it met the warranty or not. This we think was not what the con-

tract required. That very clearly binds him to pay, whether satisfied or not, if the machine did what was claimed for it.

Upon the remainder of the charges we think there was no error. There was certainly evidence which was for the jury to act upon if they believed it, that Rice had complied with his contract, and in the conflict the facts were for them to decide.

The same remark will apply to the refusal to charge that certain changes and repairs were evidence of bad order in January. This was controverted by witnesses.

All of the defendant's other charges were given except one which was we think substantially given in another, which held that unless the conditions were all fully and strictly performed there was no sale. The charge not given was less extensive and less favorable. This instruction, with others in the same direction, made it impossible for plaintiff to recover unless the jury found there was no default whatever.

The judgment must be affirmed with costs.

The other Justices concurred.