*F. M. Hatch*, for the prosecution.

*A. S. Hartwell*, for defendant.

# T. W. RAWLINS *vs.* THE HONOLULU SOAP WORKS COMPANY.

## EXCEPTIONS.

HEARING, SEPTEMBER 20, 1893. DECISION, DECEMBER 14, 1893.

### JUDD, C.J., BICKERTON AND FREAR, JJ.

It is unnecessary to set forth in a complaint the substance of the contract sued on, a copy of which is attached to and made a part of the complaint. If a part but not all of the contract is so set forth, the objection of variance does not lie.

A general averment of performance is sufficient, where great prolixity is thereby avoided and where the covenants and conditions are all in the affirmative and conjunctive.

If defendant's promise contains an exception to his liability, the complaint must show that the alleged breach does not come within the exception.

That the defendant refuses to allow the plaintiff to perform his part of the contract or to pay him therefor, is a sufficient allegation of a breach of covenant to pay.

The plaintiff agreed to work " in a skillful and proper manner " and " to the satisfaction " of the defendant. Held, the defendant is bound to be satisfied if the work is done in a skillful and proper manner.

OPINION OF THE COURT, BY FREAR, J.

The plaintiff declares upon a contract made January 5, 1893, whereby he agreed "in consideration of the amount below specified to be paid to him," to work for the defendant, a corporation, "as a soap-boiler for the term below set forth, and to give his whole time, skill and experience to the business of said company [the defendant]; and to conduct the business of soap-making in a skillful and proper manner and to the satisfaction of the said company, and to properly care for the apparatus and effects of the company intrusted to his charge, and to oversee and direct the employees who work under him;" and the defendant "in consideration aforesaid" agreed to pay plaintiff "$166.66 per month, payable monthly during the term of this contract." It was also agreed that, "if the company shall find it necessary for any cause to shut down its works for any period over three months, the salary of the party of the second part [the plaintiff] shall be suspended until work is resumed," and that, "this contract shall remain in force for the term of three years from the date hereof, provided, said party of the second part performs said work to the satisfaction of the company and as directed by it."

Performance of the contract on the part of the plaintiff until April 22, 1893, and his readiness and willingness to perform ever since is averred in general terms.

The breach assigned is "that the defendant refuses to allow him so to do, or to pay him therefor." *Ad damnum* $10,000.

The defendant demurred generally, and the case comes to us upon exceptions to the ruling of the Circuit Court, sustaining the demurrer.

In support of the demurrer it is contended that the averments of (1), the contract, (2), the performance and (3), the breach, are insufficient, and (4), that the contract was not binding upon the defendant.

The objection to the statement of the contract is based

upon the rule that if the defendant's promise contains an exception or a proviso which qualifies his liability, the declaration must notice the exception or proviso, or there will be a fatal variance. In this case the plaintiff, after averring the making of the contract, a copy of which is made a part of the complaint, set forth in his own words the substance of the covenants to work and to pay, but did not notice the exception to the defendant's liability in case it should become "necessary for any cause to shut down its works for any period over three months," or the proviso that the plaintiff should perform the work "to the satisfaction of the company and as directed by it." It was unnecessary to repeat the substance of this exception or this proviso, or even the covenants themselves; all were set forth in the very words of the contract, in the copy which was made a part of the complaint. Besides, this objection cannot be raised on demurrer, for there can be no variance between the declaration and the proofs until the proofs are in. The copy of the contract which is before the Court is not a part of the evidence, but a part of the complaint.

It is further argued that a general averment of performance is insufficient. This objection cannot be raised by general demurrer. *Proctor vs. Sargent*, 2 M. & G., 20. But we think the objection, even if raised by special demurrer, is not well taken. At common law, it is true, performance of covenants and conditions must generally be averred with certainty and particularity. This rule has been changed by statute in those of the United States which have adopted the Code Pleading (Bliss, Code Pl., Sec. 301), but certain exceptions to the rule are recognized even at common law. For instance, a general mode of pleading is allowed where great prolixity is thereby avoided. In this case, to allege particularly the place, manner, and times of performance of each of the covenants and conditions, would require great prolixity. It is more usual, perhaps, even in such cases, to aver performance at least in the words of the contract, if not with greater particularity; but where, as in the present case,

the covenants are all in the affirmative and conjunctive, a general averment is sufficient without repeating the words of the contract.

The allegation of defendant's breach is insufficient. By the contract, "if the company shall find it necessary for any cause to shut down its works for any period over three months, the salary of the party of the second part shall be suspended until the work is resumed." This constitutes an exception to defendant's liability, which may, for aught that appears, exist in this instance, in which case non-payment of the salary, would not be a breach of the contract, notwithstanding the fact that the plaintiff had done all things on his part. The plaintiff should be allowed to amend his complaint so as to show that defendant's alleged breach does not come within this exception. Otherwise, the statement of the breach is sufficient. The action is assumpsit for breach of the entire contract. Not being an action for tortuous preventing of plaintiff's performance, no allegation to that effect is necessary. The defendant's promise is to pay (not to employ), and the plaintiff's performance is a condition precedent to the payment. The defendant's breach consists in its refusal to pay, not in its refusal to employ, for it did not promise to employ. It may, at pleasure, discharge the plaintiff, but it cannot refuse to pay him if he performs his part, or if he is ready and willing to do so, for the defendant cannot set up, as a defense, non-performance of which itself is the cause. *Aspdin vs. Austin,* 5 Ad. & El., 671; *Dunn vs. Sayles, Ib.,* 685. The allegation "that the defendant refuses to allow him [the plaintiff] so to do [perform his part] or to pay him therefor" is a sufficient allegation of the breach.

The plaintiff agreed to conduct the business of soap-making "to the satisfaction" of the company, and the company agreed to pay him for the work, provided, he performed it "to the satisfaction" of the company. It is argued that these words made the company sole judge of the satisfactoriness of the work, and that the mere fact that it dismissed the plaintiff, is conclusive proof that in the judgment of the

company, he did not perform the work satisfactorily—in other words, that the company might at pleasure discharge and refuse to pay the plaintiff, and that the jury ought not to be allowed to inquire into either the existence or the reasonableness of the defendant's dissatisfaction.

This argument is unsound. It is based on the erroneous assumptions, that a person would not discharge an employee unless dissatisfied with his work, and that, if an employer says he is dissatisfied with the work, he must be conclusively presumed to speak the truth. It is true, that in contracts to be performed to the satisfaction of another, that other is sole judge of the satisfactoriness of the work—where the other words or the subject matter of the contract do not show a different intention. But the fact that one is sole judge does not authorize him to act whimsically or in bad faith. The very term "judge" implies fairness of action and the exercise of one's judgment, not mere whim or will. The jury in such cases may inquire into the existence, but not the reasonableness, of the dissatisfaction, for a person may be satisfied with that which is poorly done and dissatisfied with that which is well done. *De gustibus non est disputandum.* In *Winship vs. Portland,* L. B. B. & A. Ass., 78 Me., 571, by the terms of the contract, the employee, a base ball manager, might be discharged before the expiration of the term if he should become unfit, for any cause whatever, in the judgment of the employers, to fulfill his duties in a satisfactory manner. The Court held that the employers were sole judges of the sufficiency of the reason for discharge, but that they must act in the utmost good faith and not give a false reason,—as falsely pretend that the employee was incompetent or inefficient when their real reason was his refusal to submit to a reduction of his compensation. To the same effect are: *Silsby M. Co. vs. Chico,* 24 Fed. R., 893 (contract for a fire engine to be satisfactory to a committee); *Campbell P. P. Co. vs. Thorp,* 36 Fed. R., 414 (printing presses), decided by Jackson and Brown, now Justices of the United States Supreme Court; *Daggett vs. Johnson,* 49 Vt.,

345 (milk-pans.); *McClure Bros. vs. Briggs*, 58 Vt., 82 (organ); *Singerly vs. Thayer*, 108 Pa. St., 291 (elevator); *Seeley vs. Welles*, 120 Pa. St., 69 (reaper); *Andrews vs. Belfield*, 2 C. B. N. S., 779 (carriage); *Stadhard vs. Lee*, 3 B. & S., 364 (sewers). The following cases : *Brown vs. Foster*, 113 Mass., 136 (clothes); *Zaleski vs. Clark*, 44 Conn., 218 (bust); *McCarren vs. McNulty*, 7 Gray, 139 (book-case); *Hart vs. Hart*, 22 barb., 606 (support); *Bucksport & B. R. Co. vs. Brewer*, 67 Me., 395 (location of railway); *Gibson vs. Cranage*, 39 Mich., 49 (portrait); and *Bush vs. Koll*, 29 Pac. R. (Col., 921 (service); are sometimes cited, some of them by defendant's counsel in this case, in support of the position that contracts of this nature are optional with the party who is to be satisfied. But not one of these cases goes so far. They merely show that the party who is to be satisfied is sole judge, and that the reasonableness of the dissatisfaction cannot be inquired into. They do not hold that the existence of the dissatisfaction cannot be inquired into. In each of these cases the party was shown to be in fact dissatisfied.

There are a few cases in which contracts terminable by a party " if dissatisfied " have been held or said to be terminable at will, but these are either cases in which the word " dissatisfied " was used generally, not of the work or the pay or anything in particular, and was coupled with other words of option, such as " liked " (*Provost vs. Harwood*, 29 Vt., 219), or " wish " (*Rossiter vs. Cooper*, 23 Vt., 522), or " choose " (*Evans vs. Bennett*, 7 Wis., 404), or " desire " (*Whitcomb vs. Gilman*, 35 Vt., 297), all contracts for service, or cases in which the language of the courts in this respect went much farther than the facts of the cases required, as in *Wood R. & M. Co. vs. Smith*, 50 Mich. 565 (harvesting machine) and *Tyler vs. Ames*, 6 Lans., 280 (service); or cases which are simply contrary to reason and authority, as apparently, *Gray vs. Cent. R. Co.*, 11 Hun., 70 (steamboat), and *Spring vs. Ansonia C. Co.*, 24 Hun., 175 (service), which

we have not at hand, but which are referred to in 42 Am. Rep., 158 n.

There is nothing in the contract in question to make it terminable at will. The company cannot rescind it so far as the clause in question is concerned unless actually dissatisfied with plaintiff's work. For aught that appears it may have discharged and refused to pay the plaintiff because dissatisfied with the amount of his salary, or for some other reason than dissatisfaction with his work, and it is only his work that is required to be satisfactory by the covenant and condition in question. To go no further, the question of the existence of defendant's dissatisfaction would have to go to the jury.

But is there anything in the contract which would require the jury to go further and pass upon the reasonableness of the dissatisfaction, if any? It may be unwise for a person to engage to satisfy another, but if he chooses to do so, the Court must hold him to his contract, but it will not so construe the contract unless such clearly appears to be the intention of the parties.

In some cases, the courts have held, from the nature or subject matter of the contract, that the parties must have intended that the dissatisfaction should be reasonable in order to justify rescission. *Duplex Boiler Co. vs. Garden,* 101 N. Y., 387 (alteration of boilers); *Miesell vs. Ins. Co.,* 76 N. Y., 115 (physician's certificate in life insurance case); *Braunstein vs. Ins. Co.,* 1 B. &. S., 783 (proof of death); *Dallman vs. King,* 4 Bing. N. C., 105 (repairs to building). In such cases the parties could not be restored to their former position upon a rescission of the contract; nor were the feelings, taste, sensibility, personal convenience, or individual preference, of one of the parties involved.

In other cases the courts have held that the word "satisfaction" was similarly qualified by the other words of the contract. See *Sloan vs. Hayden,* 110 Mass., 141 (service) and the dissenting opinion of Bissell, J., in *Bush vs. Koll, supra.* In *Daggett vs. Johnson, supra,* the Court say, "If a

man orders a garment made of given material and fashion, and promises to pay if satisfied, he cannot say that the garment, in material and manufacture, is according to the order, and yet refuse to test the fit or pay for it;" that is, he cannot say he is dissatisfied in any respect in which the rest of the contract is complied with.   In *Doll vs. Noble,* 116 N. Y., 230, work was to be done upon a house "in the best workmanlike manner  *  *  *  and to the entire satisfaction" of the party for whom it was to be done.   The court sustained the trial judge who charged the jury, "That while the contract provided that it was to be done to the owner's satisfaction, that clause must be regarded as qualified by the other provisions of the contract that it was to be done in the best workmanlike manner; and that was the test of a correct and full performance of the contract." This is much like the case at bar.   The plaintiff was to conduct the business in a "skillful and proper manner" as well as "to the satisfaction" of the Company.   The reason for holding that ordinarily in contracts of this nature the reasonableness of the dissatisfaction of the person who is to be satisfied cannot be inquired into is, that he may be satisfied with that which is poorly done and dissatisfied with that which is well done, and, therefore, to prove that a thing is well done is not equivalent to proving that it is satisfactorily done.   This reason does not apply here, because a person cannot work in a "skillful and proper manner" and "to the satisfaction" of another if that other may be satisfied only with that which is unskillfully and improperly done.   These two covenants must have the same meaning or be inconsistent.   An impossibility is not required of the plaintiff and could not have been contemplated by the parties.   If the covenants were in the alternative (as in *Clark vs. Rice,* 46 Mich., 308), they might have different meanings, and then it would be sufficient if either were performed. Being in the conjunctive they must from their nature belong to the same class.   Taking the whole contract together, it is clear that the object was to secure skillful and proper work,

not merely to gratify unreasonable taste, sensibility or preference.. If the plaintiff did all things required of him by the contract in a skillful and proper manner,. the defendant is bound to be satisfied.

The demurrer is sustained on the ground that the allegation of defendant's breach is insufficient, as above indicated, but overruled as to the other points. The plaintiff should be allowed to amend his complaint as indicated, and the case is remanded to the Circuit Court for such further proceedings. as may be proper.:

*C. Brown,* for plaintiff.:

*A. S. Hartwell* and *F. M. Hatch,* for defendant..